509 So.2d 1244 (1987)
Ray Carl HAGINS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-2881, 85-2882.
District Court of Appeal of Florida, Second District.
July 8, 1987.
James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Ray Carl Hagins appeals his judgments and sentences for various theft offenses. He raises four points on appeal. We find merit only in his contention that the trial court erred in using more than one scoresheet when sentencing him for the several offenses pending before the court.
In 1982 the appellant was adjudicated guilty in Lee County Circuit Court of three counts of burglary of a dwelling and two counts of grand theft. He was committed to the custody of the Department of Corrections on the first count and directed to complete a term of four years in the Youthful Offender Program. On each of the remaining four counts the appellant was placed on five years' concurrent probation, to run consecutively to the term in the Youthful Offender Program.
In 1985 an affidavit was filed against the appellant alleging that he violated his probation by committing two burglaries of a dwelling. The appellant was subsequently charged in Lee County Circuit Court with one count of burglary of a dwelling and found guilty by a jury of attempted burglary.
At the sentencing hearing on December 4, 1985, the trial court revoked the appellant's probation for the four respective 1982 offenses based on the appellant's conviction of attempted burglary. The appellant then elected to be sentenced under the guidelines, and the court sentenced him to three and one-half years' imprisonment for each count, to run concurrently. The sentence was imposed pursuant to a scoresheet that placed the appellant in the two-and-one-half-to-three-and-one-half-year *1245 range. The court then sentenced the appellant to five years' imprisonment for the 1985 offense, to run consecutively to the sentences for the 1982 offenses. This sentence was imposed pursuant to a separate scoresheet that placed the appellant in the four-and-one-half-to-five-and-one-half-year range.
Florida Rule of Criminal Procedure 3.701(d)(1) requires that "[o]ne guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing" (emphasis added). See also Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985) (the burden is "upon the trial court to assure that all of a defendant's cases pending for sentencing in a particular county at the time of that defendant's first sentencing hearing are disposed of using one scoresheet"); accord Boston v. State, 481 So.2d 550 (Fla. 2d DCA 1986).
Accordingly, because the trial court in the instant case used more than one scoresheet in sentencing the appellant for all of the offenses pending for sentencing in Lee County, we reverse the appellant's sentences and remand for resentencing using one properly calculated scoresheet.
DANAHY, C.J., and FRANK, J., concur.