DANIEL, Judge.
Appellant Curtis Ford was charged by informations in numerous cases with burglary, theft, dealing in stolen property and criminal mischief. He pleaded guilty in ten cases but was only sentenced in six cases. Three separate scoresheets were used.
*539 On appeal, Ford argues that the trial court erred by failing to utilize the same scoresheet for all offenses pending for sentencing. Florida Rule of Criminal Procedure 3.701(d)(1) provides that one guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing. In Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985), this court held that the trial judge has the burden to assure that all of the defendant’s cases pending for sentencing in a particular county are disposed of using one score-sheet. See also Hagins v. State, 509 So.2d 1244 (Fla. 2d DCA 1987). We therefore reverse on this point and remand for resen-tencing utilizing one properly calculated scoresheet.
Ford also argues that the trial court improperly issued a general order of probation for separate offenses. In one judgment and order of probation, Ford was placed on probation for two burglaries and grand theft stemming from three separate cases. In another judgment and order of probation, Ford was placed on probation for two counts of theft and dealing in stolen property stemming from two separate cases. A general order of probation predicated on more than one conviction for criminal activity is improper. A separate order of probation for each offense must be entered. Cervantes v. State, 442 So.2d 176 (Fla.1983); Delk v. State, 510 So.2d 1209 (Fla. 2d DCA 1987); Price v. State, 393 So.2d 69 (Fla. 5th DCA 1981). We therefore reverse on this point and remand for the entry of separate probation orders.
The convictions are affirmed and the sentences and orders of probation reversed and remanded for resentencing utilizing one properly calculated scoresheet and separate probation orders.
AFFIRMED in part; REVERSED in part; REMANDED.
ORFINGER and COBB, JJ., concur.