SHARP, Chief Judge.
Allen appeals from the sentences he received in two criminal cases which were pending for sentencing in the same county at the same time. He argues he received a departure sentence because different trial judges imposed separate sentences and employed two different scoresheets. The state agrees error occurred.
In case number 84-1230, on June 1,1988, Allen’s probation was revoked and he was sentenced to two years community control for burglary of a structure.[1] At that time, Allen had pled guilty to dealing in stolen property[2] in case number 88-368.[3] On June 9, 1988, he was sentenced in case number 88-368 to thirty months in prison. Both sentences were imposed by the Circuit Court of Putnam County, and each judge employed a separate scoresheet. The two sentences exceeded the guidelines presumptive sentence, had the two charges been combined on the same scoresheet for sentencing.
Florida Rule of Criminal Procedure 3.701.d.l. provides that “[o]ne guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing.” It is error to not combine all cases pending and ripe for sentencing in the same county on one scoresheet. Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985).
Accordingly, we quash the sentences appealed and remand for resentencing, utilizing one scoresheet. We affirm the convictions.
AFFIRM convictions; QUASH sentences and REMAND for resentencing.
DANIEL and GOSHORN, JJ., concur.

. § 810.02, Fla.Stat. (1983).

. § 812.019, Fla.Stat. (1987)..

.Allen filed a guilty plea on May 27, 1988.