PER CURIAM.
The defendant was sentenced in case number 87-344-CF on July 21, 1988, in Putnam County, Florida, by one circuit judge and on the same day in the same county, he was sentenced on case number 88-400-CF by another circuit judge. Each judge used a separate and different sentencing guidelines scoresheet with each scoresheet showing a different prior record.
The use of two scoresheets to calculate the defendant’s two sentences was error[1] under Florida Rule of Criminal Procedure 3.701(d)(1) which mandates that one score-sheet be prepared for all offenses pending before the court for sentencing. Washington v. State, 539 So.2d 1191 (Fla. 5th DCA 1989); Ford v. State, 528 So.2d 538 (Fla. 5th DCA 1988); Arnett v. State, 526 So.2d 1075 (Fla. 5th DCA 1988). See also, Stokes v. State, 512 So.2d 290 (Fla. 1st DCA 1987); Hagins v. State, 509 So.2d 1244 (Fla.2d DCA 1987). In Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985), this court held that the trial judge has the burden to assure that all of the defendant’s cases pending for sentencing in a particular county are disposed of using one scoresheet.[2] Accordingly, the sentences are vacated and the case remanded for resentencing using one properly calculated scoresheet.
SENTENCED VACATED; CAUSE REMANDED FOR RESENTENCING.
COBB, COWART and GOSHORN, JJ., concur.

. The State concedes the error.

. The record on appeal does not affirmatively show that the 384 days prior jail time credited pursuant to section 921.161(1), Florida Statutes, on the sentence in case 87-344-CF includes the 49 days jail time between the defendant’s arrest in case 88-400-CF and his detainment for violation of probation in case number 87-344-CF. On resentencing, the record should affirmatively show that the defendant received credit on one case or the other for all jail time served.