SHARP, Judge.
Ash appeals from his sentences imposed for theft of a truck[1] and burglary.[2] The State concedes that both of these crimes are third degree felonies[3] for which the statutory maximum sentence is five years *554 each, respectively.[4] The trial court sentenced Ash to two concurrent 10 year prison terms. Based on the scoresheet at sentencing (190 points), Ash’s presumptive sentence under the guidelines was 12 to 17 years. We quash the sentences and remand for resentencing.
Florida Rule of Criminal Procedure 3.701 d.10. provides that' if the recommended guidelines sentence exceeds the statutory maximum “the statutory maximum should be imposed.” See State v. Thomas, 528 So.2d 1274 (Fla. 3d DCA 1988); State v. Martin, 502 So.2d 1371 (Fla. 2d DCA 1987). Thus, the court must impose 5 year sentences for the two crimes for which Ash was convicted. But, in its discretion, it may choose to have them run consecutively.[5]
We reject Ash’s additional argument that he should have been sentenced for these two crimes simultaneously with, and on the basis of, the same scoresheet as two unrelated crimes committed in Marion County. The instant crimes were committed in Citrus County, within the same circuit as Marion County. We have not required simultaneous sentencing for all offenses pending before the same circuit. Rather, we restrict the application of Florida Rule of Criminal Procedure 3.701 d.l.[6] to convictions pending for sentencing in the same county. See Rice v. State, 546 So.2d 784 (Fla. 5th DCA 1989); Allen v. State, 543 So.2d 347 (Fla. 5th DCA 1989); Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985).
Accordingly we quash the sentence imposed and remand for resentencing. Also, we reverse the imposition of costs because they were improperly assessed without notice and hearing. See Mays v. State, 519 So.2d 618 (Fla.1988).
QUASH . SENTENCE AND COST AWARD; REMAND.
DANIEL, C.J., and COBB, J., concur.

. § 812.014(2)(c)4., Fla.Stat. (1987).

. § 810.02, Fla.Stat. (1987).

.On remand, this judgment should be corrected to show reference to the proper criminal statute, i.e., section 812.012(2)(c)4., rather than section 812.014(2)(b), Florida Statutes (1987).

. § 775.082(3)(d), Fla.Stat. (1987).

. § 921.16, Fla.Stat.1987.

. Florida Rule of Criminal Procedure 3.701 d.l. provides:
One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing. The state attorney’s office will prepare the scoresheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all scoresheets.