563 So.2d 210 (1990)
Tony Anthony RICE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2001.
District Court of Appeal of Florida, Fifth District.
June 28, 1990.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
This is the second appeal in this case. Appellant was initially sentenced in two trial court cases in separate sentencing proceedings using separate guideline scoresheets. In Rice v. State, 546 So.2d 784 (Fla. 5th DCA 1989), this court reversed and remanded for resentencing under a single scoresheet.
At resentencing the trial court sentenced appellant for dealing in stolen property to a term of seven years with credit for 597 days. On the conviction for burglary, appellant was sentenced to a concurrent term of seven years with credit for 428 days. Appellant claims the trial court erred in not granting sufficient credit for time served. While there is a strong possibility that appellant is correct, he has not provided us a record that justifies reversal.
At sentencing the trial court stated:
[T]o be imprisoned for a term of seven years with credit, and I calculated this with some care, Ms. Brown, based on the total time that he has spent in custody, of five hundred ninety-seven days.
As to count I of the information, number 88-400, the sentence is seven years with credit for four hundred twenty-eight days.
The amount of time he has spent in custody on the two are not the same.
To this the defense counsel responded:
I don't know how you got the credit. I wrote DOC. You told me you have to give the gain time for jail and prison in accordance with what they gave you, so I contacted the DOC. So I don't know how to solve the problem, because they give different times from what you give. You say five hundred ninety-seven days. I don't know. They say four hundred thirty-three days. Then they say three hundred forty-four days earned gain time.
They didn't write me back. They just called me up. So I don't really know how to solve the problem.
The only indication in the record that an error might have been made is that the original judgment for dealing in stolen property dated July 21, 1988, gave appellant credit for 384 days and the amended judgment dated September 22, 1989 (some 428 days later which we assume appellant spent in prison) only increases the credit for time served to 597 days. It is possible *211 that at resentencing the trial court determined that the original credit of 384 days was in error. We do not know. It is also possible that appellant did not receive proper pre-sentence credit for time served on the burglary charge. Once again, though, we do not know for certain. Defense counsel also appears not to know. As she stated in her brief:
Further, unless he had been released from custody pending the original 1988 sentencing, he is entitled to credit for time served awaiting the original sentencing date also.
The record should, but does not, indicate the dates of incarceration in the county jail and in state prison.
We find the argument that the trial judge should determine the appropriate amount of earned gain time to be without merit. That is the function of the Department of Corrections. See Shelby v. State, 554 So.2d 24 (Fla. 2d DCA 1989).
Although we affirm the trial judge, it is without prejudice to appellant to file a 3.850 motion alleging sufficient facts to establish a prima facie claim for correction of jail time credit. See Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1987).
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.