476 So.2d 754 (1985)
Thomas Paul GALLAGHER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-1065, 84-1146 and 84-1286.
District Court of Appeal of Florida, Fifth District.
October 10, 1985.
*755 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The defendant, Thomas Paul Gallagher, appeals from three judgments and sentences in three separate cases. He contends the trial court erred by denying his motion to consolidate the cases for sentencing pursuant to Florida Rule of Criminal Procedure 3.701(d)(1), which provides in relevant part, "One guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing." We agree and remand for resentencing.
Gallagher was charged with numerous offenses in three informations. Each of the three cases was before a different judge in the Circuit Court in and for Seminole County in the Eighteenth Judicial Circuit. After pleading guilty in one of the cases, but before the disposition of his two remaining cases, Gallagher moved to consolidate all three cases for sentencing pursuant to Florida Rule of Criminal Procedure 3.701(d)(1). The trial court correctly denied the motion at this point in time because neither a guilty (or nolo contendere) plea nor a conviction had been obtained in the other cases and therefore they were not pending before any court for sentencing. By the date of the first sentencing hearing, however, Gallagher had entered guilty pleas in all three cases.
At the initial sentencing hearing, Gallagher objected[1] to the failure to consolidate and pointed out to the trial court that two motions to consolidate his cases for sentencing had already been denied, the second having been denied based upon the res judicata effect of the first denial. The trial court sentenced Gallagher on the case before it. Thereafter, at separate hearings *756 before two other judges, Gallagher was sentenced on the remaining cases.
The state's argument that offenses too unrelated to allow consolidation or joinder at trial are unfit for consolidation for sentencing belies the language of Florida Rule of Criminal Procedure 3.701(d)(1), which provides for "all offenses pending before the court for sentencing." (Emphasis added). See also Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984).[2]
Normally, assignment and reassignment of cases in a multi-judge court is a matter within the internal government of that court and a party possesses no right to have a particular judge hear or not hear his case absent grounds for disqualification. Kruckenberg v. Powell, 422 So.2d 994 (Fla. 5th DCA 1982). However, Florida Rule of Criminal Procedure 3.701(d)(1) complicates this intra-county administrative concern. The Committee Note[3] which makes the sentencing court responsible for the accurate preparation of scoresheets compels us to place the burden upon the trial court to assure that all of a defendant's cases pending for sentencing in a particular county at the time of that defendant's first sentencing hearing are disposed of using one scoresheet. When a trial judge receives for sentencing cases in which he was not previously involved, he must comply with Florida Rule of Criminal Procedure 3.700(c).
In the instant case, Gallagher's initial consolidation motion was premature, but at his initial sentencing hearing, when all three cases were pending for sentencing in Seminole County, the trial court should have consolidated them. Accordingly, we reverse the defendant's judgments and sentences and remand for resentencing consistent with this opinion.
REVERSED AND REMANDED FOR RESENTENCING.
UPCHURCH, J. and LEE, ROBERT E., JR., Associate Judge, concur.
NOTES
[1] Compare Farrow v. State, 464 So.2d 689 (Fla. 5th DCA 1985), where the defendant, relying upon Florida Rule of Criminal Procedure 3.701(d)(1), argued the trial court erred by failing to use a single scoresheet for all offenses for which he was then being sentenced. Affirming the defendant's sentence, this court found harmless error and emphasized that Farrow's counsel agreed to the sentencing procedure.
[2] In Vileta, the defendant, in 1982, had been placed on probation for carrying a concealed firearm. In 1983, he violated his probation and was scheduled to be sentenced in January 1983 for the carrying of a concealed firearm offense. In an unrelated incident, he was charged on July 19, 1982, with armed burglary and grand theft. He pleaded guilty to these charges but failed to appear for sentencing as scheduled. Subsequently, he came before the trial judge for sentencing at the same date and time as the sentencing for the offense for which his probation was revoked. The trial court used two separate scoresheets to compute his sentence. The Second District found error stating:

[H]e argues that the court erred in using two separate scoresheets to compute his sentence. He is correct. Florida Rule of Criminal Procedure 3.701(d)(1) is explicit on this point and states that only "[o]ne guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing." (Emphasis added.) This is true despite the fact that various offenses may have been committed by defendant on different dates... .
Id. at 794.
[3] Committee Note to Rule 3.701(d)(1):

Ultimate responsibility for assuring that scoresheets are accurately prepared rests with the sentencing court. Due to ethical considerations, defense counsel may not be compelled to submit a scoresheet. Probation and parole officers may be directed to compile guidelines scoresheets only when a presentence investigation has been ordered. The forms for calculating the guidelines are forms 3.988(a)-(i).