516 So.2d 1085 (1987)
Catherine RENDER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2207.
District Court of Appeal of Florida, Second District.
December 16, 1987.
*1086 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The appellant challenges her convictions and sentences on several criminal charges. We affirm the convictions but reverse the sentences and remand for resentencing.
In 1985, the appellant pled guilty to various offenses in criminal proceedings pending against her in the Circuit Court for Hillsborough County. She was placed on probation for a term of three years. On May 8, 1986, an information was filed in the Circuit Court for Hillsborough County alleging that the appellant had committed further offenses. Those allegations were the basis of an affidavit of violation of probation which was filed in connection with the 1985 probation.
On July 24, 1986, a jury trial was held on the 1986 charges before the Honorable Robert H. Bonanno, Acting Circuit Judge. After the jury retired to deliberate, Judge Bonanno took up the matter of probation violation. After hearing testimony of the probation officer, Judge Bonanno orally found the appellant to be in violation of probation, revoked her probation, and adjudicated her guilty of the underlying offenses. Additionally, Judge Bonanno orally imposed concurrent sentences of three-and-one-half years incarceration based on a sentencing guidelines scoresheet prepared with respect to the offenses underlying the probation, reflecting a recommended range of two-and-one-half to three-and-one-half years (after the one cell bump up permitted by the rules for probation violation).
The jury then returned a verdict of guilty on the current charges. Based on a separate scoresheet with respect to those offenses reflecting a recommended range of nine to twelve years incarceration, a written judgment and sentence dated July 24, 1986, was signed by Judge Bonanno sentencing the appellant to twelve years incarceration on each of the charges, the sentences to be served concurrently to each other but consecutively to the sentences of three-and-one-half years which had been imposed the same day for the offenses underlying the 1985 probation. A written judgment and sentence dated July 24, 1986, was signed by Circuit Judge Harry Lee Coe III, reflecting the three-and-one-half-years sentences orally imposed by Judge Bonanno on that date with respect to the offenses underlying the 1985 probation.
As a result of this procedure, the appellant received sentences totaling fifteen-and-one-half years, exceeding the recommended range of one scoresheet covering all the offenses for which the appellant was sentenced. The appellant argues that she was improperly sentenced and we agree. Florida Rule of Criminal Procedure 3.701(d)(1) provides that one guidelines scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing. In Boston v. State, 481 So.2d 550 (Fla. 2d DCA 1986), this court expressed its agreement with the proposition that the burden is upon the trial court to assure that all of the defendant's cases pending for sentencing in a particular county at the time of that defendant's first sentencing hearing are disposed of using one scoresheet.
The trial judge in this case decided to hear the matter of probation violation during the trial for the offenses which formed the basis of the violation charge. The state argues that since the trial judge revoked the appellant's probation and imposed sentences on the underlying offenses before the jury returned its verdict of guilty on the pending charges, those sentences preceded and were separate from *1087 the sentences later imposed on the pending charges. Thus, the state argues, the offenses were not all pending before the court for sentencing at the same time and rule 3.701(d)(1) is not implicated.
To the contrary, we believe the spirit of the rule would be defeated by allowing separate sentencing based on separate scoresheets where, as here, the sentences are imposed on the same day in combined proceedings. In this case, sentencing on the offenses underlying the appellant's probation should have been deferred until the conclusion of her trial, and then all sentences on all offenses should have been imposed on the basis of a single scoresheet. Accordingly, we reverse.
The appellant has raised an issue concerning the trial judge's denial of her motion for a mistrial. We find no merit in that issue and affirm her convictions for the 1986 offenses.
We reverse the sentences against the appellant entered on July 24, 1986, and remand for resentencing based upon one scoresheet covering all offenses for which the appellant is to be sentenced.
Sentences reversed and case remanded for resentencing.
LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.