519 So.2d 1095 (1988)
James CLARK, Appellant,
v.
STATE of Florida, Appellee.
Nos. BR-7, BR-8.
District Court of Appeal of Florida, First District.
February 8, 1988.
Michael E. Allen, Public Defender, and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and A.E. Pooser, IV, (BR-7) and Richard E. Doran (BR-8), Asst. Attys. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
We affirm appellant's convictions for sale and possession of cocaine. However, although the issue was not raised in this court by appellant, we have grave reservations regarding the sentencing procedure used in these two cases.
*1096 Appellant was charged on August 6, 1986, with sale and possession of cocaine arising from a controlled buy on January 16, 1986 (circuit court case no. 86-1126, appellate case no. BR-7). On the same day, he was also charged with sale and possession of cocaine arising from a controlled buy on June 6, 1986 (circuit court case no. 86-1685, appellate case no. BR-8). He pled not guilty to all four charges.
Appellant was tried by a jury in BR-8 on November 19, 1986, Judge Yawn presiding, and was found guilty. He was then tried by a jury in BR-7 on November 21, 1986, Judge Beauchamp presiding. During the jury's deliberations in BR-7, appellant was sentenced by Judge Yawn in BR-8 to concurrent four year terms, based on a sentencing guidelines scoresheet which recommended 3 1/2 to 4 1/2 years incarceration.
The jury returned guilty verdicts later that afternoon in BR-7. After a fifteen minute recess, Judge Beauchamp sentenced appellant in BR-7 to concurrent four year terms, to run consecutive to the sentences imposed in BR-8. This sentence was based on a sentencing guidelines scoresheet identical to the one used in BR-8, which scored a total of 137 points (65 points for the primary offense of selling cocaine and 8 points for the additional offense at conviction of possession of cocaine, plus 64 points for prior convictions for robbery, resisting an officer with violence, possession of heroin, and three misdemeanors). Neither scoresheet included points for the convictions in its companion case. Appellant's attorney argued at the sentencing hearing in BR-7 that the sentences should not be made to run consecutive to the sentences imposed in BR-8, and that the State could have charged all four offenses in the same information, in which case consecutive sentences would have constituted a departure from the recommended range.[1]
The parties were ordered to file supplemental briefs on the question of the propriety of this sentencing procedure.[2] Appellant's brief asserts that the term "court", as used in Florida Rule of Criminal Procedure 3.701(d)(1),[3] means the trial court, no matter which judge is sitting, that both cases were pending before the court on the same date, and that he is therefore entitled to one scoresheet covering all four offenses, to be used by each judge in sentencing him. He argues that the cases should be remanded for resentencing with the restriction that the total of the four sentences may not exceed the recommended guidelines range, citing Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
The State argues that "offenses pending before the trial court for sentencing" has been found to mean that a guilty plea, nolo plea, or guilty verdict has been obtained for the offense, citing Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985).[4] It asserts *1097 that an analogous sentencing proceeding was approved in Nelson v. State, 498 So.2d 553 (Fla. 4th DCA 1986).[5] The State contends that BR-7 had not met the Gallagher definition of "pending" at the time Judge Yawn sentenced appellant in BR-8, so that the offenses in BR-7 could not be included in his scoresheet, and that since BR-8 had already been completed by the time appellant was found guilty in BR-7, it was no longer "pending" for purposes of the scoresheet. The State argues that because the convictions arose from separate informations, Judge Beauchamp properly exercised his discretion under section 921.16 in ordering the sentence in BR-7 to run consecutive to BR-8.
The State is correct that under these particular circumstances, both cases were not technically "pending for sentencing" at the same time and all four offenses could not be included in the same scoresheet.[6] We therefore affirm appellant's convictions and sentences in both cases, without prejudice to his right to seek appropriate post-conviction relief under Florida Rules of Criminal Procedure 3.800 and 3.850.[7]
We are concerned, however, that our affirmance of these sentences might seem to imply that this court would approve manipulating the trial and sentencing calendars in such cases in order to impose what amounts to a departure sentence without the necessity of articulating reasons for departure and undergoing appellate review of the validity of those reasons. We are convinced that the legislature did not intend such a technical manipulation of the guidelines procedures.
The better procedure in such cases, where it would not involve unreasonable delay, would be for the trial judge(s) to defer sentencing until the guilt or innocence of the defendant has been adjudicated in all cases pending before the court at the same time. One scoresheet would then be prepared which would include (as either "primary offense" or "additional offenses") all cases pending for sentencing. Each sentencing judge would use this scoresheet, with the restriction that the total of all sentences imposed may not exceed the guidelines recommended range without the articulation of facts or circumstances which reasonably justify the aggravation of the sentences.
Because of our concern that the trial courts, and the attorneys who practice before them, be given adequate guidance in the proper implementation of the sentencing guidelines procedures mandated by the Florida Legislature, we certify to the Florida Supreme Court, as a matter of great public importance, the following question:
Whether it is the trial court's duty to assure that all of a defendant's cases pending in a particular county at the time of that defendant's first sentencing hearing are disposed of using one scoresheet, including deferral of sentencing until all of the pending cases have been adjudicated unless this would cause unreasonable *1098 delay or would unduly burden the court or prejudice the defendant?
ERVIN and JOANOS, JJ., concur.
NOTES
[1] Included in appellant's "Statement of Judicial Acts to be Reviewed" in BR-7 was the statement that the "Sentence imposed exceeded guidelines." However, appellant's briefs did not raise any issue concerning his sentences.
[2] Specifically, the parties were ordered to address the following questions:

1. Whether one sentencing guidelines scoresheet should have been prepared covering all four offenses pending before the Circuit Court for Alachua County for sentencing, pursuant to Florida Rule of Criminal Procedure 3.701(d)(1);
2. Whether this scoresheet should have been used by each judge in sentencing appellant; and
3. Whether the cases should be remanded for resentencing with the restriction that the total of the four sentences may not exceed the recommended guidelines range provided in the amended scoresheet, or whether the sentence should be allowed to exceed the recommended range if the departure is based upon circumstances or factors which reasonably justify the aggravation of the sentence.
[3] Rule 3.701(d)(1) provides: "One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing."
[4] In Gallagher, the court held that the defendant's motion to consolidate three cases for sentencing was properly denied after he had pled guilty in one case, but before either of the other cases had been disposed of by means of a plea or verdict. The court found that by the time of the first sentencing hearing, Gallagher had entered guilty pleas in all three cases, and that the trial court should have consolidated the cases for sentencing, noting that the Committee Note to the rule "compels us to place the burden upon the trial court to assure that all of a defendant's cases pending for sentencing in a particular county at the time of that defendant's first sentencing hearing are disposed of using one scoresheet."
[5] In Nelson, the defendant had been charged with violating his probation in two cases, each assigned to a different judge in the same circuit. The sentencing proceedings were completed in one case prior to final hearing in the second case. The Fourth DCA held that the trial court could use a separate scoresheet in the later case and sentence Nelson independant of, and consecutive to, his sentence in the earlier case, reasoning that:

A defendant is entitled to the benefits of a uniform scoresheet and contemporaneous concurrent sentencing only for those of his cases actually pending before a judge in that circuit for sentencing. The fact that another case is pending in which the defendant has entered a not guilty plea or denial, and is awaiting trial, or a final hearing, is insufficient to constitute another offense pending for sentencing.
498 So.2d at 554.
[6] Because the offense in BR-7 occurred prior to the offense in BR-8, the conviction in BR-8 could not be scored as a "prior conviction" under a literal reading of rule 3.701(d)(5)a, which provides that "prior record" refers to "any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense."
[7] We note the apparent conflict between this decision and the decision of the Second District Court of Appeal in Render v. State, 516 So.2d 1085 (2d DCA 1987).