520 So.2d 312 (1988)
Gerald BEMBOW, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3145.
District Court of Appeal of Florida, Second District.
February 24, 1988.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alan L. Overton, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant contends that the court improperly failed to use a single scoresheet. We agree.
Appellant, Gerald Bembow, pleaded guilty to delivery of cannabis and was placed on probation for two years. On December 2, 1983, Bembow was charged by affidavit with violating his probation for not having written monthly reports, not acquiring employment and not attending GED classes. The court revoked Bembow's probation and sentenced him to two years community control.
On June 10, 1986, Bembow was charged by affidavit with having violated his community control by not filing monthly written *313 reports, not paying costs of supervision, not reporting to his community control officer, not staying at his approved residence, and selling cocaine. On October 24, 1986, Bembow pleaded guilty to two counts of delivering cocaine and two counts of possessing cocaine. The judge refused Bembow's request that his sentence on the cocaine offenses include the 1983 violation of probation. Pursuant to a plea agreement, Bembow was adjudged guilty of the substantive offenses and sentenced to two years in prison, concurrent on each count.
At the revocation hearing, Bembow admitted that he had violated his community control. The court revoked his community control, adjudged him guilty of the original offense and sentenced him to three years in prison consecutive to the two two-year concurrent sentences previously imposed.
Florida Rule of Criminal Procedure 3.701(d)(1) requires the court to use one guideline scoresheet for all offenses "pending before the court for sentencing." This case is analogous to Render v. State, 516 So.2d 1085 (Fla. 2d DCA 1987), where this court said that a trial court's decision to allow separate sentencing based on separate scoresheets defeats the spirit of the rule especially where the sentences are imposed, as here, on the same day in combined proceedings. We believe that Render controls and find, accordingly, that the trial court erred in failing to use a single scoresheet.
Our disposition of appellant's first argument renders appellant's second argument moot.
We, therefore, vacate appellant's sentences and remand to the trial court to sentence appellant in accord with this opinion.
SCHEB, A.C.J., and THREADGILL, J. concur.