525 So.2d 465 (1988)
Joseph Ben MINCEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
Nos. BS-379, BT-249.
District Court of Appeal of Florida, First District.
May 12, 1988.
Michael E. Allen, Public Defender, Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Joseph Ben Mincey, Jr., seeks review of his sentences in two separate *466 cases which were imposed under the sentencing guidelines. He alleges two errors, the use of two scoresheets instead of one and the scoring of his probationary offenses as "prior record" instead of "additional offenses at conviction." We agree and reverse for resentencing.
While on probation for the commission of burglary of a structure, false report to a law enforcement officer, assault, and grand theft, appellant committed armed robbery on July 7, 1986. On January 16, 1987, a jury verdict was entered on the armed robbery charge; on February 20, 1987, a violation of probation hearing was held, at which appellant pled no contest; on March 3, 1987, Judge Turner sentenced appellant to prison for eight years for armed robbery; and on March 27, 1987, as a result of the probation violation, Judge Bower sentenced appellant to prison for thirty months for burglary of a structure, false report to a law enforcement officer, assault, and grand theft, all sentences to run concurrently.
The armed robbery scoresheet reflected a total score of 156 points with a recommended sentencing range of 7-9 years. The scoresheet for all of the offenses for which appellant had been placed on probation reflected a total score of 27 points with a recommended sentencing range of "any non-state prison sanction," with the next highest cell being "community control or 12-30 months incarceration." Both trial judges imposed sentences within the recommended sentencing range.
Rule 3.701(d)(1), Florida Rules of Criminal Procedure, states in pertinent part:
One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing.
Since both a guilty verdict and a nolo contendere plea had been entered in the present case before the first sentencing hearing was held, all offenses were pending for sentencing at the same time, and, therefore, one scoresheet should have been used. See Gallagher v. State, 476 So.2d 754 (Fla. 5th 1985) (all offenses pending at same time where guilty pleas had been entered before sentencing); cf. Nelson v. State, 498 So.2d 553 (Fla. 4th 1986) (all offenses not pending at same time where probation violation hearing had not been held), and Clark v. State, 519 So.2d 1095 (Fla. 1st DCA 1988) (all offenses not pending at same time where in one case jury verdict had not been entered even though jury was deliberating).
With respect to the second error raised by appellant, Rules 3.701(d)(4) and (5), Florida Rules of Criminal Procedure, state in pertinent part:
(4) Additional offenses at conviction: All other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts.
(5)(a) "Prior record" refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.
The Committee Note to Rule 3.701(d)(5) states in pertinent part:
For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as "prior record" and not as "additional offense."
The above committee note was adopted by the Florida Supreme Court on December 19, 1985, The Florida Bar Re: Rules of Crim.Proc., 482 So.2d 311 (Fla. 1985), and by the Florida Legislature on July 9, 1986, with an effective date of October 1, 1986, Chapter 86-273, Laws of Florida.
This court has previously held that retroactive application of the above committee note violates the ex post facto clause of the federal constitution on authority of Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). See Slappy v. State, 516 So.2d 342 (Fla. 1st DCA 1987) (error to score earlier probationary offenses as prior *467 record instead of additional offenses). Cf. Rojas v. State, 506 So.2d 1158 (Fla. 3d DCA 1987) and Cain v. State, 506 So.2d 1125 (Fla. 1st DCA 1987), both holding that the proper category was "prior record," not "additional offenses," based on the above amendment to the committee note to Rule 3.701(d)(5). However, these two cases were decided about one month prior to Miller v. Florida, supra.
In the present case, appellant's earlier offenses for which he had been placed on probation were scored as "prior record" instead of "additional offenses at conviction" on the scoresheet which used the armed robbery conviction as the primary offense. This was an impermissible error based on the holding in Slappy v. State, supra.
Appellant's present sentence is 8 years plus 30 months or 10 1/2 years. By using one scoresheet with armed robbery as the primary offense and scoring the offenses underlying the probation violation as additional offenses at conviction, appellant's total score would be 129 points with a recommended sentencing range of 5 1/2-7 years, with the next highest cell being 7-9 years. Therefore, since the maximum sentence which the trial court could have imposed without written departure reasons is 9 years, very clearly the effect of the sentencing errors in this case was to produce an unauthorized departure from the sentencing guidelines. State v. Whitfield, 487 So.2d 1045 (Fla. 1986).
Accordingly, appellant's sentences are reversed and the cases remanded for resentencing consistent with this opinion.
REVERSED.
SMITH, C.J., and BOOTH and NIMMONS, JJ., concur.