527 So.2d 926 (1988)
Joseph Craig PARRISH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 86-2615, 86-2755 and 86-2756.
District Court of Appeal of Florida, Second District.
June 29, 1988.
*927 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar and Davis G. Anderson, Jr., Asst. Attys. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
In these consolidated cases, the appellant, Joseph Parrish, appeals from the convictions obtained after jury trials in cases No. 86-2615 (# 1), No. 86-2755 (#2), and No. 86-2756 (# 3), and from the sentences imposed after utilizing three separate scoresheets. We find no error in the appellant's trials, and, therefore, affirm his convictions. We do find that there were sentencing errors in two of the cases. Therefore, we reverse in cases # 2 and # 3 and remand those cases for resentencing. Additionally, the state concedes that there are scrivener's errors in the judgments in cases # 2 and # 3. Accordingly, we also remand for correction of these judgments to accurately reflect the actual crimes for which the appellant was convicted.
The facts concerning sentencing are briefly stated. On September 12, 1986, a jury found the appellant guilty of unarmed robbery of a convenience store in case # 1. His scoresheet showed a total of 707 points, indicating a recommended sentence of life. The trial judge sentenced him to the recommended sentence. Immediately thereafter, the trial judge set cases # 2 and # 3 for trial on September 22 and 23. On those dates guilty verdicts were returned in both cases and sentencing for these two cases was set for October 3. On October 3, the trial judge sentenced the appellant to fifteen years imprisonment for each offense because this was the statutory maximum for these crimes. The sentences were consecutive to each other and consecutive to the life sentence imposed in # 1. The trial judge used one scoresheet for # 2 and another scoresheet for # 3. The appellant argues that effectively, then, he has been sentenced to life plus thirty years through manipulation by the state in effecting sentencing in the latter two cases separately from the first. The appellant claims this is error, citing our recent cases of Render v. State, 516 So.2d 1085 (Fla. 2d DCA 1987), and Bembow v. State, 520 So.2d 312 (Fla. 2d DCA 1988), which relied on Render.
The appellant urges us to expand our holding in Render (and consequently, Bembow). Render held that it was error for the court to sentence the defendant on the offenses underlying the probation while the jury was out deliberating on the offenses which caused the probation to be revoked. The thrust of Render was that "the spirit of [Florida Rule of Criminal Procedure 3.701(d)(1) mandating preparation of one scoresheet for all offenses pending for sentencing] would be defeated by allowing separate sentencing based on separate scoresheets where, as here, the sentences are imposed on the same day in combined proceedings." Render, 516 So.2d at 1087. It was significant to the decision in Render that there were combined proceedings and sentencing on the same day. In the case before us, the trials in # 2 and #3 were only set on the same day that sentence was pronounced in # 1. Thus, the latter two cases were not in any wise "pending for sentencing," Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985) ("pending for sentencing" means a guilty plea, a nolo plea, or a guilty verdict), or even arguably close to "pending for sentencing" as they were in Render. To give Render the expansive reading that appellant argues would be to force the trial court, here, to further delay disposition of a case that was complete and ready for *928 sentencing for reasons, speculative at best, that the other cases might be ready for disposition soon. There are many reasons which could have delayed the trial of cases # 2 and # 3. There is no requirement that the trial court delay sentencing on the completed case while awaiting the outcome of these future trials. We recognize the potential for manipulation of these procedures on the part of the state but find this potential contemplated by the sentencing rules. See Clark v. State, 519 So.2d 1095, (Fla. 1st DCA 1988) (question certified regarding this concern).
Although we do not expand Render, the sentencing procedures used in # 2 vis-a-vis # 3 (as differentiated from # 1 vis-a-vis # 2 and # 3) still violated its principles. There is no doubt that # 2 and # 3 were "pending for sentencing" at the same time because, on October 3, the date of sentencing in both cases, jury verdicts had been already reached and both cases were ready, therefore "pending," for sentencing. It was, therefore, error for the trial judge to use separate scoresheets for sentencing in # 2 and # 3. Fla.R.Crim.P. 3.701(d)(1) (1986).
In summary, we affirm the appellant's convictions as well as his sentence in case # 1. The sentences in cases # 2 and # 3 are reversed with directions to resentence the appellant using a single scoresheet. Further, the judgments in these two cases will be corrected to reflect adjudication of the actual crimes for which the appellant was convicted.
Affirmed in part, reversed in part, and remanded.
RYDER and THREADGILL, JJ., concur.