SCHOONOVER, Acting Chief Judge.
The appellant challenges the judgments and sentences imposed upon him after the trial court revoked his various terms of community control and probation. We find that appellant’s sentencing guidelines scoresheet was improperly calculated and, accordingly, reverse and remand for resen-tencing.
The appellant, apparently due to the use of several aliases, was placed on terms of community control or probation for thirteen different offenses. He was subsequently found guilty of violating the terms and conditions of his community control and probation by committing new offenses. The sentencing guidelines scoresheet submitted to the trial court scored as “prior record” the offenses for which his community control and probation had been revoked. Pursuant to that scoresheet and a one cell departure allowed by Florida Rules of Criminal Procedure 3.701(d)(14), the appellant was sentenced to serve a total of twelve years imprisonment. This timely appeal followed.
We agree with the appellant’s contention that since all of the crimes in question were committed prior to October 1, 1986, they should have been scored as “additional offenses at conviction,” rather than “prior record.” The committee note to Florida Rule of Criminal Procedure 3.701(d)(5), in effect at the time of the appellant’s sentencing, required the offenses for which he was on community control and probation to be scored as “prior record.” This committee note, however, did not become effective until October 1, 1986. See Ch. 86-273, Laws of Fla. The offenses, therefore, should have been scored as “additional offenses at conviction.” DeVille v. State, 529 So.2d 319 (Fla. 2d DCA 1988). See also, Mincey v. State, 525 So.2d 465 (Fla. 1st DCA 1988); Slappy v. State, 516 So.2d 342 (Fla. 1st DCA 1987).
Since the improper scoring of the appellant’s offenses resulted in a guidelines score that placed him in an incorrect sentencing range, we reverse and remand for resentencing. On remand, a correct scoresheet indicating the proper number of “additional offenses at conviction” and the proper number of offenses to be scored as “prior record” should be prepared. Because the trial court did not consider the original sentences a departure from the guidelines, our disposition of this case is without prejudice to the trial court’s ability to impose a departure sentence based upon proper written reasons. See Waldron v. State, 529 So.2d 772 (Fla. 2d DCA 1988).
REVERSED AND REMANDED WITH INSTRUCTIONS.
LEHAN and THREADGILL, JJ., concur.