572 So.2d 1387 (1991)
James CLARK, Petitioner,
v.
STATE of Florida, Respondent.
No. 72075.
Supreme Court of Florida.
January 3, 1991.
Rehearing Denied February 20, 1991.
*1389 Barbara M. Linthicum, Public Defender and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and A.E. Pooser, IV, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Clark v. State, 519 So.2d 1095 (Fla. 1st DCA 1988), which certified the following question of great public importance:
Whether it is the trial court's duty to assure that all of a defendant's cases pending in a particular county at the time of that defendant's first sentencing hearing are disposed of using one scoresheet, including deferral of sentencing until all of the pending cases have been adjudicated unless this would cause unreasonable delay or would unduly burden the court or prejudice the defendant[.]
Id. at 1097-98. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative as qualified in the opinion below.
On the same day  August 6, 1986  Clark was charged in two separate informations with four counts involving the sale and possession of cocaine. The first information dealt with two counts arising from a "controlled buy" on January 16, 1986. The second information dealt with two additional counts from a separate "controlled buy" occurring almost five months later, on June 6, 1986.
On November 19, 1986, Clark was tried in the court of Judge Yawn for the charges in the second information and found guilty. Two days later, on November 21, 1986, he was tried in the court of Judge Beauchamp for the offenses in the first information.
After closing arguments in this last trial, while the jury was still deliberating, Judge Yawn decided to impose sentence on the conviction returned two days earlier. This consisted of two concurrent four-year terms, a sentence falling within the guidelines recommendation.
Later that same afternoon, the jury returned guilty verdicts in the last of Clark's trials. Judge Beauchamp then imposed two more concurrent four-year terms, but made them run consecutively to the sentence imposed earlier that same day. Viewed in isolation from the earlier trial, this sentence also would have fallen within the guidelines recommendation.
At no time did Clark move for simultaneous sentencing on both the pending cases.[1]
However, as the First District later noted, the total sentence imposed upon Clark would have constituted a departure from the guidelines if the sentence on all four offenses had been imposed simultaneously in a combined proceeding. Clark, 519 So.2d at 1096. The issue thus is whether this result is permissible under the guidelines.
In the proceedings below, the First District cited Florida Rule of Criminal Procedure 3.701(d)(1) as authorizing the sentences *1390 imposed by Judges Yawn and Beauchamp. The rule provides that "[o]ne guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing." The First District concluded that an offense is not "pending before the court for sentencing" unless a verdict of guilt or a plea of guilty or nolo contendere has been entered. Clark, 519 So.2d at 1096 (citing Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985)). Cf. Render v. State, 516 So.2d 1085 (Fla. 2d DCA 1987). However, the First District also expressed grave reservations about the possibility that someone might manipulate trial and sentencing calendars as a way of increasing sentences beyond the guidelines' recommendations. Clark, 519 So.2d at 1097. Thus, it certified the question at issue in this case. Id. at 1097-98.
The certified question essentially poses a question of how best to effectuate and balance two policies that, within the context of this case, are at odds: the policy of uniformity in sentencing underlying the guidelines, and the policy that sentences should be imposed promptly. Without question, the rule adopted by the First District if not carefully policed by the trial and appellate judiciary could result in an abusive manipulation of calendar schedules as a way of undermining the uniformity of the guidelines. At least in this regard, we share the First District's reservations.
However, we also must recognize the other extreme of this problem. Serious inequities and administrative problems will result if this Court adopts a rule requiring the delay of sentencing until a conviction or acquittal is obtained in every criminal case pending against a particular defendant in a particular court. In the past, this Court has had occasion to deal with cases involving repeat offenders who literally have had dozens of cases pending against them at particular times in their lives.
We do not believe justice is served by a rule postponing sentencing until each and every one of the pending cases is ready for sentencing, which might take many months or years. Indeed, we agree with the state's observation that this type of delay is directly contrary to Florida Rule of Criminal Procedure 3.720.[2] In particularly extreme circumstances, it also may violate the due process rights of defendants. Art. I, § 9, Fla. Const. In some conceivable cases, for instance, this type of delay may result in a defendant remaining incarcerated for unreasonably long periods of time pending sentencing.
Nor are we convinced that the rule urged by Clark will eliminate the problem of "manipulation" that troubled the First District. Based on his reading of Render, Clark asks us to adopt a rule that one scoresheet must be used when sentences are imposed on the same day.[3]Render, 516 So.2d at 1087. Although such a rule would give Clark a victory in this case, it would be easily circumvented in other cases merely by the expedient of delaying sentencing in one of the cases by a day or two. Thus, manipulation still might occur.
We believe a different approach to this problem is in order. First, we agree with the First, Second and Fifth Districts' conclusion that, as a general rule, an offense should not be considered as "pending" before the trial court for sentencing unless a verdict of guilt or a plea of guilty *1391 or nolo contendere has been obtained. Parrish v. State, 527 So.2d 926, 927 (Fla. 2d DCA 1988); Clark, 519 So.2d at 1096; Gallagher, 476 So.2d at 755. Thus, one scoresheet must be used for every pending case that meets this definition. See Fla.R. Crim.P. 3.701(d). As a corollary, a presumption then arises that sentencing should not be delayed merely because other cases that fail to meet this definition are pending against the same defendant in the same court. See Fla.R.Crim.P. 3.720.
However, we believe a broad exception to this rule also is in order. Defendants should be allowed to move a trial court to delay sentencing so that a single scoresheet can be used in two or more cases pending against the same defendant in the same court at the same time, regardless of whether a plea of guilty or nolo contendere or a conviction has been obtained. The trial court must grant the motion, we believe, when the defendant can show that the use of a single scoresheet would not result in an unreasonable delay in sentencing. For each sentence that would not be unreasonably delayed, the trial court must order simultaneous sentencing.
On appeal, the trial court's determinations on these questions will have a presumption of correctness. Thus, a defendant must establish that the trial judge or judges clearly and convincingly committed error. Moreover, the burden falls on the defendant to move the court for consolidated sentencing. Failure to make the objection constitutes waiver and raises a procedural bar for appellate review.
We believe the standard outlined above provides a simple, evenhanded approach to this problem. It will uniformly bar situations in which sentencing in an initial case might be postponed for an extended period of time  for example, for many months. It also uniformly requires simultaneous sentencing when verdicts in separate cases before the same court are likely to be rendered close together in time  for example, within the same day or week.
Finally, we stress that nothing in this opinion prohibits a trial court from imposing a departure sentence in a consolidated sentencing, provided valid reasons are provided and the other requirements of the sentencing guidelines are met.
Turning to the facts at hand, we conclude that the separate sentences imposed on Clark on the same day violated the analysis adopted above. An unreasonable delay in sentencing would not have occurred had a single scoresheet been used. As a result of the separate scoresheets, Clark received a total sentence nearly double what a single scoresheet would have allowed.
However, we must deny relief because of Clark's failure to raise this issue before the trial court. The burden falls on the defendant to assert a desire for simultaneous sentencing and to demonstrate to the sentencing court's satisfaction that such a sentencing will not result in an unreasonable delay. This, Clark failed to do. Accordingly, the issue now is procedurally barred.
Based on this analysis, we find that Render harmonizes with this opinion. The Render court dealt with sentences imposed in "combined proceedings" that shared a common element  a violation of probation. Render, 516 So.2d at 1086. Specifically, the defendant in Render had violated her probation on earlier charges and was before the same judge both for the offenses underlying the probation and the offenses that had resulted in the probation violation. Thus, in Render, a single scoresheet could not possibly have resulted in an unreasonable delay in sentencing. Accordingly, the result reached in Render is approved.
We cannot determine whether the Second District's subsequent opinion in Parrish harmonizes with our views here. The Parrish court confronted facts like those in the present case: a sentencing for a prior criminal conviction occurred while the jury was deliberating in a separate trial of the same defendant. However, it is unclear whether the defendant in Parrish failed to *1392 object to the use of separate scoresheets. If no such objection was raised, then Parrish would be in harmony with the views set forth above. Otherwise, Parrish reached an erroneous result. There clearly would have been no unreasonable delay in sentencing if a single scoresheet had been used in Parrish.
We find Gallagher to be in harmony with the views expressed in this opinion. In Gallagher, three separate cases were pending for sentencing at the same time before different judges of the same court. The defendant already had pled guilty on all three charges. Thus, the Gallagher court correctly concluded that all three cases should have been consolidated into a single scoresheet. Gallagher, 476 So.2d at 756. Accordingly, the result reached in Gallagher is approved.
Similarly, in Mincey v. State, 525 So.2d 465, 466 (Fla. 1st DCA 1988), the First District correctly concluded that it was error to use separate scoresheets for both a guilty verdict and a plea of nolo contendere that were pending at the same time in the same court. Accordingly, the result reached in Mincey is approved.
For the foregoing reasons, we approve the result reached by the district court below but disapprove its analysis.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
I agree with the majority's analysis. Technically, however, I believe that the analysis dictates an affirmative answer to the certified question where the defendant asks for a single scoresheet and this would not cause unreasonable delay or unduly burden the court.
NOTES
[1] Clark also failed to raise the issue on appeal to the First District except to argue generally that his sentence exceeded the guidelines. The district court sua sponte asked for supplemental briefs on the issue.
[2] In pertinent part, the rule states: "As soon as practicable after the determination of guilt and after the examination of any presentence reports the sentencing court shall order a sentencing hearing."
[3] We note, however, that Render dealt with sentences imposed in "combined proceedings" resulting from a criminal violation of probation and the offenses underlying the probation. Render v. State, 516 So.2d 1085, 1086 (Fla. 2d DCA 1987). Thus, Render is factually distinguishable from the present case, which did not involve violation of probation or a combined proceeding before the same judge. Moreover, Clark's interpretation of Render is directly contrary to the Second District's revisitation of that issue in Parrish v. State, 527 So.2d 926, 927 (Fla. 2d DCA 1988).