576 So.2d 937 (1991)
Charles FOSTER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-302, 90-983 and 90-985.
District Court of Appeal of Florida, Fifth District.
March 28, 1991.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another sentencing guidelines case. At a given moment in time, there were three separate criminal felony charges pending against the defendant in the Circuit Court of Orange County, Florida. The defendant went to trial on one charge (Case No. 89-7548) and the jury found him guilty. Thereafter, while Case No. 89-7548 was pending before the court for sentencing, the defendant appeared before the court for the purpose of entering pleas of guilty on the other two criminal charges (Case No. 89-6683 and 89-9268). The trial court refused to accept pleas in those cases, stating it wished to first pronounce and impose sentence in Case No. 89-7548. When the defendant requested a continuance as to sentencing in Case No. 89-7548 in order to consider obtaining witnesses to present at sentencing, the trial court granted the defendant's motion but struck Case Nos. 89-6683 and 89-9268 from the trial calendar until after sentencing in Case No. 89-7548. Thereafter, over objection, and based on a scoresheet relating to that offense only, the trial court sentenced the defendant in Case No. 89-7548 to a guidelines sentence of 3 1/2 years incarceration. The defendant appealed that case (Appellate Case No. 90-302). Later the defendant appeared and pleaded guilty in Case Nos. 89-6683 and 89-9268 and, based on a single guidelines scoresheet relating to those two offenses, the defendant was sentenced to 2 1/2 years imprisonment consecutive to the sentence previously imposed in Case No. 89-7548. The defendant appeals that sentence (Appellate Case Nos. 90-983, 90-985). The three appeals have been consolidated.
The effect of the trial judge refusing to accept the defendant's pleas in Case Nos. 89-6683 and 89-9268 and sentencing the defendant under a separate scoresheet relating *938 to Case No. 89-7548 is that if a single scoresheet had been used relating to all three offenses, the recommended guidelines sentence range would have been community control or 12-30 months incarceration with a permitted range of up to 3 1/2 years incarceration. By sentencing under separate scoresheets and making the sentences consecutive, the trial court was able to sentence the defendant, within the guidelines, to a total of 6 years incarceration.
Under the circumstances, the defendant was entitled to have the court accept his pleas of guilty to the second and third charges against him in order that one guidelines scoresheet could be utilized covering all three offenses which would then be pending before the court for sentencing. In the recent case of Clark v. State, 572 So.2d 1387 (Fla. 1991), the supreme court explained that, as a general rule, an offense is not considered as pending before the trial court for sentencing unless a verdict of guilty or a plea of guilty or nolo contendere has been obtained. However, the court recognized that a defendant should be able, by motion, to have the trial court delay sentencing in a particular instance so that a single scoresheet can be used in two or more cases pending against the same defendant in the same court at the same time, although pleas of guilty or nolo contendere or a conviction have not yet been obtained. A trial court should grant such a motion when the defendant can show that the use of a single scoresheet will not result in an unreasonable delay in sentencing. Under Clark the trial court should not have deferred acceptance of the defendant's pleas in the second and third cases in order to separately sentence the defendant on a separate scoresheet, thereby increasing the result of guidelines sentencing. The trial court should have either accepted the defendant's pleas of guilty when tendered before sentencing in the first case occurred, or the trial court should have continued sentencing in the first case until pleas in the second and third cases could be presented and accepted by the court.
In this case, since the defendant was willing to plead guilty to the second and third charges, even before he was sentenced on the first charge, the trial court erred in not accepting the pleas of guilty to the second and third charges until after sentencing on the first charge.
This court has considered the other issues raised by the defendant on appeal and finds them without merit. The defendant's convictions are affirmed but the sentences are vacated and the cause remanded for resentencing on all three cases using a single scoresheet.
CONVICTIONS AFFIRMED; SENTENCES VACATED; CAUSE REMANDED FOR RESENTENCING.
DAUKSCH, J., concurs.
HARRIS, J., concurs specially with opinion.
HARRIS, Judge, concurring specially:
I concur only because Clark v. State, 572 So.2d 1387 (Fla. 1991) requires it.
The only requirement in the Rules of Criminal Procedure relating to the use of a single scoresheet for multiple offenses is that one scoresheet cover "all offenses pending before the court for sentencing."[1] The Clark court has, by permitting the defendant (at his option) to require a continuance so that multiple offenses charged in different informations eventually come before a sentencing court at or about the same time, converted the language of the rule to merely mean "pending before the court" and has eliminated the limiting language "for sentencing." The original wording of the rule at least encouraged the defendant to consolidate his charges for simultaneous disposition in order to get the benefit of a single scoresheet; the "new" rule eliminates this incentive. Further, any rule that gives the defendant a free ride after his initial conviction for all additional crimes in the hopper makes crimes, like donuts, cheaper by the dozen. While this *939 is a good marketing device to increase the sales of donuts, its value in discouraging multiple crimes is suspect.
NOTES
[1] Rule 3.701(d)(1), Rules of Criminal Procedure.