COWART, Judge.
The defendant had a criminal case scheduled for trial at the time he was sentenced on another case and appeals claiming that under Clark v. State, 572 So.2d 1387 (Fla.1991), he was entitled to be sentenced at the same time on both cases. Unlike Foster v. State, 576 So.2d 937 (Fla. 5th DCA 1991), where the defendant offered to plead guilty on two other cases so that he could be sentenced under a common scoresheet with the first ease, the defendant in this case did not offer to plead guilty on the pending case and we follow Joyce v. State, 586 So.2d 456 (Fla. 2d DCA 1991), and that portion of Clark v. State that recognizes that under Florida Rule of Criminal Procedure 3.701d.l., an offense is generally not “pending” for guidelines sentencing purposes unless a verdict or plea of guilty or nolo contendere has been obtained.
. However, we set aside the sentences relating to Counts II and IV in Case Number CR90-1312 because the record on appeal is not clear and we cannot determine and resolve a controversy between the State and the defendant as to whether or not there is a conflict in the oral pronouncement of the trial court and the written sentences relating to whether the 12 year incarceration sentences imposed in those counts were to run concurrent or consecutive. The written sentences of two 12 year incarcerative periods to run consecutive constitutes 24 years incarceration which exceeds the 5V2-12 year permitted guidelines range sentence.
We affirm the convictions and the sentences other than to Counts II and IV which sentences we vacate and remand the cause for resentencing on those counts.
CONVICTIONS AND SENTENCES AFFIRMED, except as to Counts II and IV which are vacated with REMAND FOR RESENTENCING.
PETERSON, J., concurs.
DAUKSCH, J., dissents with opinion.