PATTERSON, Acting Chief Judge.
Scott Snouffer appeals from his judgments and sentences for felonious possession of a firearm and unauthorized possession of a driver’s license. We have considered all the points Snouffer has raised and find merit only in his argument regarding sentencing. Therefore, we affirm his convictions and reverse and remand for resentencing.
On October 11, 1995, a jury returned a guilty verdict on the charge of unauthorized possession of a driver’s license. On October 12, 1995, a jury returned a guilty verdict on the charge of felonious possession of a firearm. The trial court sentenced Snouffer on October 12, 1995, and used a separate score-sheet for each offense.
Snouffer contends that the trial court should have used one scoresheet in sentencing him, pursuant to Florida Rule of Criminal Procedure 3.701(d)(1), which provides: “One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing.” Both of Snouffer’s offenses met the definition of “pending” when the trial court sentenced him because Snouffer had received guilty verdicts on both charges. See Clark v. State, 572 So.2d 1387, 1391 (Fla.1991). The Clark court held that the burden falls on the defendant to request simultaneous sentencing when one or more of the offenses do not meet the “pending for sentencing” definition. Otherwise, it is the trial court’s burden “to assure that all of a defendant’s cases pending for sentencing in a particular county at the time of the defendant’s first sentencing hearing are disposed of using one scoresheet.” Alvarez v. State, 600 So.2d 559, 560 (Fla. 5th DCA 1992). Thus, we reverse Snouffer’s sentences and remand for resentencing under one scoresheet.
Snouffer also contends that pursuant to Florida Rule of Criminal Procedure 3.701(d)(5)(F), the trial court erred in scoring his prior record.[1] Florida Rule of Criminal Procedure 3.701(d)(5)(F) provides:
An offender’s prior record shall not be scored if the offender has maintained a conviction-free record for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of the primary offense.
Based on the record before us, we are unable to determine whether Snouffer maintained the requisite conviction-free period. On remand, Snouffer’s prior record must be scored in accordance with rule 3.701(d)(5)(F).
Affirmed in part, reversed in part, and remanded.
WHATLEY, J., and PADGETT, J. ROGERS, Associate Judge, concur.

. Rule 3.701(d)(5)(F) applies to Snouffer's 1993 offenses. Under the 1994 revised sentencing guidelines, the scoring of prior record is contained in Florida Rule of Criminal Procedure 3.702(d)(8)(A).