COPE, J.
Asterio Gonzalez appeals an order denying his motion for postconviction relief. We conclude that the defendant is entitled to a new sentencing hearing, and remand for that purpose.
Defendant-appellant Gonzalez was placed on probation in Miami-Dade County Circuit Court case number 96-36356 for *1195 dealing in stolen property. In 1997 he was charged with committing aggravated battery with a firearm in circuit court case number 97-16733. On account of the new criminal charge, he was also charged with violation of probation in the 1996 case.
The court conducted a combined trial of both cases. The jury heard the evidence as the trier of fact for the 1997 case. The judge listened to the same evidence as the trier of fact for the violation of probation in the 1996 case.
At the conclusion of the evidentiary portion of the trial, the judge (outside the presence of the jury) found that the defendant had violated his probation in the 1996 case. A scoresheet was prepared and the court sentenced the defendant to 29.5 months imprisonment. Defense counsel made no objection to this procedure, and did not request that sentencing be deferred until the conclusion of the trial on the 1997 charges.
The 1997 case proceeded to closing arguments and the jury returned a guilty verdict. A second scoresheet was prepared, and the defendant was sentenced to a consecutive term of imprisonment.* Again, trial counsel made no objection to the sentencing procedure and made no request for a combined sentencing proceeding.
By his motion for postconviction relief, the defendant contends that his trial counsel was ineffective for failing to request that sentencing be deferred on the 1996 violation of probation case until the return of the jury verdict in the 1997 case. The defendant argues that this would have allowed a single scoresheet to be prepared. He contends that by such a procedure, he would have received a lower sentence. That is so because the defendant’s consecutive sentences on the 1996 and 1997 cases exceed the maximum of a single guidelines scoresheet.
We conclude that the defendant’s argument is well taken. Under Clark v. State, 572 So.2d 1387 (Fla.1991), the Florida Supreme Court discussed the procedure to be followed where a defendant has two or more cases pending at the same time. The court said:
Defendants should be allowed to move a trial court to delay sentencing so that a single scoresheet can be used in two or more cases pending against the same defendant in the same court at the same time, regardless of whether a plea of guilty or nolo contendere or a conviction has been obtained. The trial court must grant the motion, we believe, when the defendant can show that the use of a single scoresheet would not result in an unreasonable delay in sentencing. For each sentence that would not be unreasonably delayed, the trial court must order simultaneous sentencing.
Id. at 1391.
The court went on to discuss, and approve, Render v. State, 516 So.2d 1085 (Fla. 2d DCA 1987), which is indistinguishable from the case now before us. The court said:
[T]he defendant in Render had violated her probation on earlier charges and was before the same judge both for the offenses underlying the probation and the offenses that had resulted in the probation violation. Thus, in Render, a single scoresheet could not possibly have resulted in an unreasonable delay in sentencing.
Clark, 572 So.2d at 1391.
Under the cited eases, if defense counsel in the present case had requested a delay *1196 in sentencing on the 1996 violation of probation until a combined scoresheet could be prepared, the trial court would have been required to grant the request. If a single scoresheet had been prepared, then the defendant would have received a shorter overall sentence, absent a departure. The defendant is entitled to a new sentencing hearing.
The State argues that if the defendant had made this request at the time of the trial proceedings, the court may have entertained the possibility of a departure sentence. Because the trial court did not realize that it was, in reality, imposing a departure sentence in this case, we conclude that on remand the court may consider a departure sentence if the court believes it is appropriate and there are grounds for doing so. See State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989). If the court elects that option then, of course, the sentence imposed cannot exceed the defendant’s existing aggregate sentences.
Reversed and remanded for resentenc-ing.

 The seven-year sentence has subsequently been reduced to sixty-one months on account of the decision in Heggs v. State, 759 So.2d 620 (Fla.2000).