320 F.3d 1285
 UNITED STATES of America, Plaintiff-Appellee
v.
Oscar Martinez, Defendant-Appellant.
 No. 02-14267.
 United States Court of Appeals, Eleventh Circuit.
 DECIDED February 7, 2003.
 
 Jacqueline Esther Shapiro, Asst. Federal Public Defender, Paul M. Korchin, Federal Public Defender, Kathleen M. Williams, Federal Public Defender, Miami, FL, for Defendant-Appellant.
 Susan H. Ponzoli, Anne R. Schultz, Miami, FL, for Plaintiff-Appellee.
 Before BARKETT, HULL and KRAVITCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Oscar Martinez appeals the sentence imposed after he pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). Specifically, he challenges the district court's conclusion that he was a career offender under U.S.S.G. § 4B1.1. Martinez asserts that the district court, in computing his criminal history, should have counted his three prior state felony convictions as a single conviction because the state sentences were consolidated. Here, we are asked to decide whether, under the facts of this case, a defendant's prior convictions count as one conviction for determining a defendant's criminal history. At issue is whether prior convictions are related when the offenses occurred on different days and involved different victims, there was no intervening arrest, the offenses were charged in separate indictments and the defendant received separate judgments, but the defendant was sentenced to concurrent sentences on the same day before the same judge. Martinez also challenges the district court's order of restitution on the grounds that the court failed to specify the manner of repayment and that it failed to make any findings about his ability to pay.
 
 I. Background
 
 2
 On October 10, 2001, Martinez entered the First Bank of Miami, jumped over the counter, and removed $2,940 from the bank drawer. Martinez pleaded guilty to bank robbery. According to the presentence investigation report ("PSI"), Martinez qualified as a career offender under U.S.S.G. § 4B1.1 because he had three prior state felony convictions involving crimes of violence. Martinez had committed strong armed robbery on February 18, 1991, armed robbery on November 8, 1990, and another robbery on November 26, 1990. Martinez was not arrested for the 1990 offenses, however, until after the 1991 offense. Martinez had pleaded guilty to all three state offenses and was sentenced by the same judge on the same day in October 1991. Because Martinez was a career offender with an adjusted offense level of twenty-nine and a criminal history category of VI, his guidelines range was 151 to 181 months imprisonment. The PSI recommended that Martinez pay restitution of $2,940 to the First Bank of Miami and noted that Martinez did not have the financial ability to pay a fine. Martinez did not object to the portion of the PSI relating to restitution.
 
 
 3
 At sentencing, the district court found that Martinez had three prior felony convictions because concurrent sentences did not result in related convictions that were consolidated for sentencing. The district court sentenced Martinez to 151 months imprisonment and ordered restitution in the amount of $2,940, payable immediately. The district court instructed that Martinez pay restitution to the U.S. Court, which would forward the money to the victim.
 
 II. Martinez's claims
 
 4
 Martinez argues that the court erred in sentencing him as a career offender because (1) the offenses were not separated by an intervening arrest and (2) the offenses were consolidated for sentencing under Florida law. He contends that the fact that he was arrested for the first offense after he committed the second offense requires the court to consider the two offenses as related and treat the offenses as one prior offense in calculating his criminal history. He also asserts that, under Florida law, when sentences are imposed on the same day by the same court, use only one sentencing score sheet, and run concurrently, the offenses are related and should be treated as a single prior offense.
 
 
 5
 In addition, Martinez argues for the first time on appeal that the court erred in imposing restitution because the order of judgment and conviction failed to identify the victim or provide for the manner of repayment. Noting the PSI's indication that he did not have the financial ability to pay a fine, Martinez asserts that the court's failure to specify a payment option for the restitution was improper. Alternatively, he argues that the order to pay restitution "immediately" failed to consider his inability to pay.
 
 
 6
 A district court's factual determination that a defendant's prior convictions are independent for purposes of determining criminal history will not be disturbed unless clearly erroneous. United States v. Mullens, 65 F.3d 1560, 1565 (11th Cir.1995); see also Buford v. United States, 532 U.S. 59, 64 (2001) (applying deferential review to question of whether cases were consolidated for purposes of career-offender status).
 
 A. Career-Offender Provision
 
 7
 Under U.S.S.G. § 4B1.1, "a defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1; see also United States v. Veteto, 920 F.2d 823, 824 (11th Cir.1991). Martinez does not dispute that he was over eighteen at the time of the instant offense or that his offense was a crime of violence. Thus, the only issue before us is whether Martinez had two or more prior felony convictions.
 
 
 8
 Prior conviction requirements are strictly construed, and a defendant must have been sentenced for two unrelated offenses to be considered a career offender. United States v. Delvecchio, 920 F.3d 810, 812 (11th Cir.1991). Convictions are related for criminal history calculations if, inter alia, they "were consolidated for trial or sentencing." Mullens, 65 F.3d at 1565 (citing U.S.S.G. § 4A1.2, comment. (n. 3)). In Veteto, we held that the fact that sentences were to run concurrently did not consolidate the cases for sentencing, but the defendant in that case was sentenced by different judges on different days. Veteto, 920 F.2d at 826.
 
 
 9
 We have not addressed whether cases are consolidated for purposes of the career-offender guideline when the defendant was sentenced by the same judge on the same day for offenses that were docketed separately and that received separate judgments. The Seventh Circuit has held that in order to find that cases were consolidated, cases must be formally consolidated by an order or "functionally consolidated," where the "convictions were `factually or logically related, and sentencing was joint.'" Buford, 201 F.3d 937, 940 (7th Cir.2000), aff'd 532 U.S. 59 (2001). The Seventh Circuit explained that cases are functionally consolidated where the defendant was charged with the offenses in the same indictment and he pleaded guilty at the same time in the same court. Id. Other circuits to address the issue of consolidation have reached similar conclusions. See, e.g.,. United States v. Huskey, 137 F.3d 283, 286-88 (5th Cir.1998) (addressing consolidation and reviewing other circuit court decisions, finding that generally cases are not consolidated when they receive separate docket numbers or separate judgments).
 
 
 10
 Here, Martinez had pleaded guilty to three unrelated state offenses on the same day before the same judge and was sentenced to concurrent sentences. Nevertheless, the cases had been assigned different docket numbers, and Martinez does not dispute that he received separate judgments. Given these factors, the district court did not clearly err in concluding that Martinez's offenses should not be considered consolidated for purposes of his career-offender status.
 
 
 11
 As to Martinez's contention that Florida law requires that his convictions be treated as related, we review this argument for plain error because Martinez did not raise it before the district court. United States v. Jones, 289 F.3d 1260, 1265 (11th Cir.), cert. denied, 123 S.Ct. 661 (2002). To demonstrate plain error, Martinez must show that there is an error, that is plain, that affects substantial rights, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.
 
 
 12
 Martinez's reliance on Florida law is misplaced. Florida law indicates that the burden is on the defendant to move the court for consolidation of sentencing. See Clark v. Florida, 572 So.2d 1387, 1391 (Fla. 1991). Martinez had not moved the state court to consolidate his cases, and, therefore, under Florida law, his cases were not consolidated. Thus, there is no plain error in the district court's conclusion.
 
 B. Restitution
 
 13
 Under the Mandatory Victims Restitution Act ("MVRA"), the district court must order restitution "to each victim in the full amount of each victim's losses" for, inter alia, crimes against property. 18 U.S.C. § 3663A(a), (c)(1)(a), 3664(f)(1)(A). Once the amount is determined, the court must specify in the restitution order a schedule for payment after considering the present and future financial circumstances of the defendant, pursuant to 18 U.S.C. § 3572. 18 U.S.C. § 3664(f)(2); Jones, 289 F.3d at 1265. The court may order a single lump-sum payment, periodic payments, or a combination thereof. 18 U.S.C. § 3664(f)(3)(A). If payment is not required immediately, the court must specify the length of time over which the payments are to be made, and it cannot delegate this duty. 18 U.S.C. § 3572(d)(2); United States v. Prouty, 303 F.3d 1249,1254 (11th Cir.2002). When the PSI contains a detailed analysis of the defendant's financial situation, to which the defendant does not object, the district court is not required to make specific findings on the record before ordering a restitution payment schedule. Jones, 289 F.3d at 1265-66. Because, at sentencing, Martinez did not object to the PSI's recommendation for restitution, we review for plain error.
 
 
 14
 Martinez's present objections to the restitution order are without merit. Although the MVRA requires that the court establish the restitution amount for each victim, the First Bank of Miami was the only victim in this case, and, therefore, the court did not err in failing to identify the victim in the restitution order. 18 U.S.C. § 3663A(a), (c)(1)(a), 3664(f)(1)(A). Martinez's contention that the district court improperly delegated the establishment of the payment schedule is without merit because the court established a schedule that required immediate payment.
 
 
 15
 Finally, there is no error, plain or otherwise, in the district court's failure to consider Martinez's ability to pay. The MVRA mandates that the district court consider a defendant's financial condition when setting a restitution payment schedule and grants the court discretion to allow payment over time. Here, although the district court did not expressly adopt the findings of the PSI, it could have reached its conclusion based on the PSI recommendations because no other information was provided. The district court considered Martinez's ability to pay as required under the MVRA and did not need to make detailed findings because Martinez did not object to the findings of the PSI. Consequently, the district court fulfilled its statutory obligation.
 
 
 16
 Accordingly, we AFFIRM the district court.