SCHEB, Judge.
In 1982 Cecil Ray Jones was charged with and convicted of burglary of a structure under section 810.02(1), Florida Statutes (1981) and grand theft under section 812.014, Florida Statutes (1981). Each offense is a third degree felony for which a defendant may be imprisoned for a maximum of five years. §§ 810.02(3), 812.-014(2)(b), and 775.082(3)(d), Fla.Stat. (1981).
The trial judge placed Jones on probation, explaining to him that if his probation was revoked he could be “sent to prison for the full five years.” In 1984 the court revoked Jones’ probation and sentenced him to ten years imprisonment on each offense, to run concurrently.
Jones first argues that the trial court erred in revoking his probation because the evidence was insufficient to show a violation of probation. Further, he contends his sentences are illegal because they exceed the statutory maximum.
We find no merit to his first argument but we agree that his sentences are improper. The maximum term of imprisonment for third degree felonies, as noted, is five years, which was explained to Jones when the court placed him on probation.
Accordingly, we affirm the revocation of Jones’ probation and his convictions. We vacate his sentences and remand to the trial court with directions to resentence him to concurrent five year terms of imprisonment.
RYDER, C.J., and FRANK, J., concur.