HALL, Acting Chief Judge.
The appellant challenges his sentences for grand theft, contending that they exceed the statutory maximum and are therefore illegal. The appellant also contends error in the imposition of costs and fees without proper notice. We agree with these contentions, but we find no merit in the appellant’s second point on appeal.
Pursuant to a plea bargain, the appellant entered nolo contendere pleas to three counts of grand theft and guilty pleas to additional counts, including burglaries. The trial court sentenced the appellant to four years in prison followed by five years’ probation on each count and imposed costs and fees without notice. All sentences were to be served concurrently.
The statutory maximum for grand theft, a third-degree felony, is five years. § 775.082(3)(d), Fla.Stat. (1987). Therefore, the combined sentences of prison and probation for each third-degree felony exceeded the statutory maximum and are illegal. *1018 Baldwin v. State, 558 So.2d 173 (Fla. 5th DCA 1990); Jones v. State, 474 So.2d 911 (Fla. 2d DCA 1985).
We reject the state’s argument that no harmful sentencing error has occurred because the appellant’s burglary convictions carry maximum fifteen-year sentences and, consequently, the appellant’s total time in jail will be measured by those valid sentences. The supreme court has prohibited the imposition of general sentences for several offenses. Dorfman v. State, 351 So.2d 954 (Fla.1977).
Accordingly, we affirm the judgments, but reverse the sentences for grand theft and remand for resentencing as to those offenses. We strike any costs and fees imposed herein without prejudice to the state to seek reimposition after proper notice and opportunity to be heard.
Reversed and remanded with directions consistent herewith.
PARKER and PATTERSON, JJ., concur.