DANAHY, Judge.
The appellant challenges the judgments and sentences imposed against him in four cases bearing trial court case numbers 86-61, 86-254, 88-428, and 88-667. The appellant was sentenced as a habitual felony offender in each case. We find that such sentencing in Case Nos. 86-61, 86-254, and 88-428 was improper. We find no error in the habitual offender sentencing in Case No. 88-667.
The convictions in these cases occurred on three separate occasions. On October 14, 1986, the appellant was convicted in Case Nos. 86-61 and 86-254 and sentenced to terms of probation. On April 5, 1989, he was convicted in Case No. 88-428. On May 18, 1989, he was convicted in Case No. 88-667. On the same date, the appellant admitted to violations of probation in Case Nos. 86-61 and 86-254. The appellant was sentenced in all four of these cases on May 18, 1989.
The state had previously filed a notice of intent to classify the appellant as a habitual felony offender. Sentencing the appellant as a habitual offender, the trial judge imposed the following prison terms, all to run concurrently:
Case No. 86-61 Ten years for sale of cocaine and five years for possession of cocaine. The sentence recites that the appellant was adjudged a habitual offender.
Case No. 86-254 Ten years for sale of cocaine. The sentence recites that the appellant was adjudged a habitual offender.
Case No. 88-428 Twenty years for sale of cocaine, an extended term based on habitual offender status.
Case No. 88-667 Twenty years for robbery and ten years for resisting arrest with violence, extended terms based on habitual offender status.
The sentencing guidelines recommended range, with a violation of probation enhancement, was twelve to seventeen years imprisonment.
All of the appellant’s offenses, except those in Case No. 88-667, were committed prior to October 1, 1988. Therefore, sentencing in Case Nos. 86-61, 86-254 and 88-428 is governed by section 775.084, Florida Statutes (1987), providing for the status of “habitual felony offender.” This *273 statute sets forth the conditions on the basis of which the trial court may find a defendant to be a habitual felony offender. Among the requirements is that the defendant have previously been convicted of a felony in this state, and that the trial court determine in a separate proceeding that it is necessary for the protection of the public to sentence the defendant to an extended term under subsection (4) of the statute.
As to Case Nos. 86-61 and 86-254, the record indicates no previous felony conviction of the defendant in this state. Convictions entered on the same date are treated as a single offense. Walker v. State, 567 So.2d 546 (Fla.2d DCA 1990). Since the appellant’s convictions in Case Nos. 86-61 and 86-254 occurred on the same date, neither can be used as a prior felony conviction for purposes of section 775.084, Florida Statutes (1987).
As to the conviction in Case No. 88-428, which took place on April 5, 1989, the convictions in Case Nos. 86-61 and 86-254 constituted a prior felony conviction which would qualify the appellant to be declared a habitual felony offender under section 775.084, Florida Statutes (1987). However, the trial judge in this case did not conduct a separate proceeding and make the necessary findings to determine that it was necessary for the protection of the public to sentence the defendant as a habitual felony offender. Accordingly, the sentence as a habitual felony offender in Case No. 88-428 was improper.
We note the state’s argument that it was harmless error to sentence the appellant as a habitual felony offender in Case Nos. 86-61, 86-254, and 88-428. The state points out that all sentences in these cases run concurrently and the sentences in Case Nos. 86-61 and 86-254 are within the sentencing guidelines range. However, as the state concedes, the designation of the appellant as a habitual felony offender could be detrimental to the appellant while incarcerated. The state is correct; as an example, a person sentenced as a habitual offender is not qualified to receive provisional credits under section 944.277, Florida Statutes (1989). We reject the state’s harmless error argument.
The state argues that habitual offender sentencing in Case No. 88-428 is harmless error also because the term of incarceration (twenty years) is concurrent with the proper habitual offender sentence of twenty years in Case No. 88-667. Recently this court rejected a similar argument. Arch v. State, 572 So.2d 1017 (Fla.2d DCA 1991). In that case, the defendant received an illegal sentence of four years in prison followed by five years probation on each of three counts of grand theft. He also received fifteen year sentences on burglary convictions. All sentences were to be served concurrently. The state conceded that the combined sentences of prison and probation for the three counts of grand theft exceeded the statutory maximum and were illegal. But, the state argued, the error was harmless because the defendant received fifteen year sentences on the burglary convictions and, consequently, his total time in prison would be measured by those valid sentences. This court rejected the state’s position on the basis of the rule prohibiting the imposition of general sentences for several offenses. We reject the state’s argument here for the same reason.
The appellant’s habitual offender sentence in Case No. 88-667 is valid under the provisions of section 775.084, Florida Statutes (Supp.1988). As amended in 1988, habitual felony offender status requires that the defendant have previously been convicted of two or more felonies in this state. As to Case No. 88-667, the appellant had two prior felony convictions — convictions in Case Nos. 86-61 and 86-254 on October 4, 1986, and a conviction in Case No. 88-428 on April 5, 1989. Unlike the pre-1988 version of the statute, the 1988 version does not require that the trial court determine in a separate proceeding whether it is necessary for the protection of the public to sentence the defendant as a habitual felony offender. Therefore, the omission of such findings in Case No. 88-667 does not invalidate the habitual offender sentencing in that case. We reject the *274 appellant’s argument that the 1988 amendment tacitly or impliedly retains the requirement of a determination that habitual offender treatment is necessary for the protection of the public.
For the foregoing reasons, we reverse the appellant’s sentences in Case Nos. 86-61, 86-254 and 88-428 (Appeal Nos. 89-1477, 89-1478 and 89-1479), and remand for resentencing in those cases. We affirm the sentence in Case No. 88-667 (Appeal No. 89-1480).
Convictions affirmed; sentences affirmed in part and reversed in part; remanded for resentencing.
SCHEB, A.C.J., and THREADGILL, J., concur.