582 So.2d 115 (1991)
Jeremiah MARION, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2580.
District Court of Appeal of Florida, Third District.
July 2, 1991.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Marc E. Brandes, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON and GERSTEN, JJ.
BASKIN, Judge.
Jeremiah Marion appeals a sentence imposed upon revocation of probation. We reverse.
Marion was convicted and sentenced in May 1988. In October 1990, while Marion was serving his probation for the May 1988 conviction, he was charged with two counts of selling cocaine. Marion entered into a plea agreement with the state, agreeing to plead guilty to the second count and to be sentenced as an habitual offender. In exchange for the guilty plea, the state consented to nolle prosequi the first count and agreed to a "60-month cap" on Marion's prison sentence.
Upon Marion's conviction for the October 1990 offense, the trial court implemented the plea agreement, found Marion to be an habitual offender, and sentenced him to serve five years in prison. Additionally, based on the October 1990 conviction, the court found Marion in violation of his probation imposed for the May 1988 offense and revoked the probation, sentencing Marion to five years in prison as an habitual offender.
Marion's guidelines scoresheet range for the May 1988 conviction, including the enhancement for violation of probation, was three and a half to four and a half years. Marion argues on appeal that the court erred in imposing a sentence in excess of the guidelines and in declaring him an habitual offender without making the findings required under section 775.084, Florida Statutes (1987). Marion asserts that the trial court mistakenly applied section 775.084 as amended by Chapter 88-131, section 6, Laws of Florida, which became *116 effective October 1, 1988, after his May 1988 conviction. We agree.
"[V]iolation of probation results in revocation of probation and resentencing on the original offense." Irizarry v. State, 16 F.L.W. D967 (Fla. 3d DCA April 9, 1991) (on rehearing). The date of the original offense determines the applicable statute for sentencing. Marion committed the original offense for which probation was revoked prior to October 1, 1988. Thus, section 775.084, Florida Statutes (1987), governs Marion's habitual offender status for the May 1988 offense. Troup v. State, 574 So.2d 271 (Fla. 2d DCA 1991). Because the court sentenced Marion without making the required findings under the 1987 statute, the sentence must be vacated. Parker v. State, 546 So.2d 727 (Fla. 1989); Eutsey v. State, 383 So.2d 219 (Fla. 1980).
The state asserts that Marion's plea agreement contemplated that he would receive a sentence as an habitual offender for a term not to exceed 60 months. The record shows that Marion entered the agreement voluntarily, and it should not be disturbed. Pollack v. Bryson, 450 So.2d 1183 (Fla. 2d DCA 1984). However, we are compelled to reject the state's assertion. The record fails to demonstrate that the plea agreement encompassed the sentence imposed upon revocation of probation for the May 1988 offense.
Sentence vacated; remanded for resentencing.