582 So.2d 823 (1991)
Devon MANUEL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01728.
District Court of Appeal of Florida, Second District.
July 26, 1991.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Marc E. Brandes, Asst. Atty. Gen., Miami, for appellee.
PATTERSON, Judge.
Devon Manuel appeals from his sentence for possession and delivery of cocaine following the revocation of his community control. He argues that the trial court erred in using a new scoresheet at resentencing and that the court erred in exceeding the guidelines sentence by "bumping up" his sentence two cells for revocation of community control without providing written reasons for departure. We find merit only in his argument that the trial court improperly used a new scoresheet and remand for resentencing.
Following the revocation of the appellant's community control, the state prepared a new scoresheet for the resentencing hearing, which included additional convictions that the appellant had obtained *824 under aliases. The state did not discover the additional convictions until after the appellant's original sentencing. The trial court sentenced the appellant under the revised scoresheet to five years' incarceration. This was error.
A trial court must use the original scoresheet at sentencing following revocation of probation or community control, Pfeiffer v. State, 568 So.2d 530 (Fla. 1st DCA 1990), even though the state discovers additional prior convictions which the defendant committed under aliases. Harris v. State, 574 So.2d 1211 (Fla. 2d DCA 1991). A contrary result has been reached where the defendant affirmatively misrepresented to the trial court facts concerning his prior criminal history. Goene v. State, 577 So.2d 1306 (Fla. 1991). Here, there were no allegations that the appellant took any affirmative action to mislead the trial court as to his prior record. Therefore, we reverse and remand for resentencing pursuant to the original scoresheet.
The appellant's second argument, that the trial court impermissibly "bumped up" his sentence two cells, is without merit. Following revocation of community control, a trial court has the discretion to impose a sentence in the original cell or in the next higher cell, including the permitted range, without providing written reasons for departure. Brown v. State, 581 So.2d 936 (Fla. 1st DCA 1991). The trial court in this case only bumped the appellant's sentence one cell for the revocation of community control and then sentenced the appellant within the permitted range of that cell. Thus, upon remand the trial court may again sentence the appellant within the permitted range after increasing the appellant's sentence one cell for revocation of community control.
Reversed and remanded for further proceedings.
FRANK, A.C.J., and HALL, J., concur.