PARKER, Acting Chief Judge.
Terry Joyce appeals the judgment and sentences for delivery of cocaine and possession of cocaine entered following a violation of probation and the sentence imposed on a subsequent possession of cocaine conviction.[1] We affirm the convictions but remand for resentencing, finding that the trial judge erred in using a new scoresheet for these offenses.
The following is a chronology of events relevant to Joyce’s sentencing.
October 28, 1987 — The trial court placed Joyce on probation for delivery and possession of cocaine;
After October 28, 1987, and before March 16, 1989 — Joyce convicted of seven second-degree felonies and seven third-degree felonies[2];
March 16, 1989 — Joyce arrested for possession of cocaine;
May 12, 1989 — The state filed an information charging Joyce with possession of cocaine;
July 6,1989 — The trial judge found Joyce guilty of violating his probation; Joyce sentenced on 1987 delivery and possession of cocaine convictions; Joyce sentenced on 1989 possession of cocaine conviction.
When the trial court placed Joyce on probation, Joyce’s scoresheet indicated a recommended sentence of any nonstate prison sanction. When the trial court sentenced Joyce upon his violation of probation, the assistant state attorney prepared a new scoresheet which included the fourteen felony convictions as prior convictions.[3] This scoresheet had a recommended range, with the bump, of seventeen to twenty-two years. The trial judge sentenced Joyce to fifteen years’ prison for the delivery charge and five years’ concurrent prison time for the possession charge. During that same morning, a pretrial hearing was scheduled on the new possession charge before the same trial judge. Joyce’s attorney announced that he wanted this latest charge set for trial, and the assistant state attorney noted that the trial already was set for August. Later that same morning, Joyce reappeared before the trial judge and pleaded guilty to the new possession charge. The assistant state attorney prepared a new scoresheet, and the trial judge sentenced Joyce to the statutory maximum of five years’ prison, which sentence was to run concurrently with the sentences Joyce had received earlier that morning.
Joyce, citing Torres v. State, 517 So.2d 796 (Fla. 4th DCA 1988) and Florida Rule of Criminal Procedure 3.701 d.14, contends that the trial court was required to use the same scoresheet upon revocation of his probation which the trial court had utilized when he was placed on probation. Joyce further contends that the convictions entered after he was placed on probation cannot be used as prior offenses. Joyce maintains that his presumptive sentences on the charges for which he was placed on probation, with the bump, would be community control or twelve to thirty months’ incarceration. Thereafter, the maximum sentence for the 1989 possession of cocaine conviction is five years’ imprisonment, even though Joyce now would have sixteen felonies listed as prior record. Joyce concludes that his total prison exposure would be seven and one-half years for the two 1987 convictions and the 1989 conviction.
We agree that the maximum guidelines sentence for the 1987 convictions would be two and one-half years and the statutory maximum sentence for the 1989 conviction would be five years based upon the manner in which the trial court imposed the sentences. Had the court withheld sentencing on the 1987 convictions until Joyce had pleaded or was found guilty of the 1989 possession charge, then it would have been *458 proper for the trial court to have used only one scoresheet for the three convictions, and that scoresheet could have scored all of the fourteen felonies as prior offenses. See Clark v. State, 572 So.2d 1387 (Fla.1991). The procedural history of this case, however, is different in that only the 1987 convictions were pending before the court for sentencing at the time the trial judge imposed the fifteen-year sentence for the delivery of cocaine offense.
We have not overlooked this court’s opinion in Render v. State, 516 So.2d 1085 (Fla. 2d DCA 1987). In Render, the trial court placed the defendant on probation, and the defendant violated that probation by committing new offenses. The trial court conducted a jury trial concerning the new charges. While the jury was deliberating, the trial court took up the matter of the probation violation. The court found the defendant guilty of the probation violation and sentenced the defendant. The jury then returned a verdict of guilt on the new charges, and after preparation of a separate scoresheet, the trial court sentenced the defendant. This court reversed the sentence, stating:
[W]e believe the spirit of the rule would be defeated by allowing separate sentencing based on separate scoresheets where, as here, the sentences are imposed on the same day in combined proceedings. In this case, sentencing on the offenses underlying the appellant’s probation should have been deferred until the conclusion of her trial, and then all sentences on all offenses should have been imposed on the basis of a single scoresheet.
Render, 516 So.2d at 1087.
The unique situation in Render was that the same trial judge imposed sentences in combined proceedings which dealt with both the offenses underlying the probation and the new charges which formed the basis for the violation of probation. Under those circumstances, the trial court should have utilized a single scoresheet because it knew that all offenses would be pending, or would be pending shortly, before the court for sentencing. Unlike Render, when the trial court sentenced Joyce for violation of probation, it only knew that Joyce was pleading not guilty to the pending charge of possession of cocaine and that a trial was scheduled for the following month. Under those circumstances, it was not incumbent for the trial court to withhold sentencing on the original offenses until the sentencing on the new offense.
The trial court imposed a departure sentence for the 1987 convictions without realizing it. Accordingly, the trial court shall consider on remand whether a departure sentence is appropriate and, if so, to provide valid reasons supporting the departure. See Betancourt v. State, 552 So.2d 1107 (Fla.1989).
The convictions are affirmed; the sentences for the 1987 convictions are reversed; the sentence for the 1989 conviction is affirmed; and case number 87-01141X is remanded for resentencing.
PATTERSON and ALTENBERND, JJ„ concur.

. Joyce pro se filed a notice of appeal and through an oversight entered only circuit court case number 89-04120. This is also an appeal of circuit court case number 87-01141X.

. Our record does not disclose why Joyce was never charged with violation of probation for fourteen new felony convictions subsequent to his being placed on probation.

.This scoresheet incorrectly scored the 1987 possession of cocaine conviction as a prior conviction (for a total of 15 prior convictions) instead of as an additional offense at conviction.