593 So.2d 284 (1992)
Miguel TITO, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01760.
District Court of Appeal of Florida, Second District.
January 22, 1992.
*285 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The sole issue on this appeal is whether the trial court erred in sentencing the appellant in three cases, Nos. 88-11577 (Case 1), 89-18723 (Case 2), and 90-4018 (Case 3). The trial court sentenced the appellant in Case 1 to an upward departure sentence of five years imprisonment and in Case 2 to an upward departure sentence of five years imprisonment consecutive to the sentence in Case 1. In Case 3 the trial court declared the appellant a habitual felony offender and imposed a ten-year term of probation in that case consecutive to the sentence in Case 2. We reverse these sentences and remand for resentencing consistent with this opinion.
Case 1 is a prosecution for possession of cocaine on August 11, 1988. After the appellant pled guilty to this offense, adjudication was withheld and he was placed on probation for one year. He violated this probation by committing the offenses of burglary of a conveyance and petit theft on November 15, 1989. He entered pleas of guilty to those charges. On January 23, 1990, the appellant was adjudicated guilty in Case 1 and in Case 2. He was placed on concurrent terms of community control.
The appellant violated his community control by committing the offense of burglary of a conveyance on March 10, 1990. He was charged with this offense in Case 3 and found guilty after a nonjury trial. Following that verdict, the trial court imposed the upward departure sentence of five years in Case 1, the consecutive upward departure sentence of five years in Case 2, and the habitual felony offender sentence of ten years probation in Case 3, consecutive to the sentence in Case 2.
We reverse the departure sentences in Case 1 and Case 2 because we believe the Florida Supreme Court has now made it clear that upon violation of probation or community control a trial court may not impose a sentence exceeding the one cell upward increase permitted by Florida Rules of Criminal Procedure 3.701(d)(14) and that no further departure upon violation of probation or community control is allowed except for valid reasons which existed at the time the defendant was placed on probation or community control. See State v. Johnson, 585 So.2d 272 (Fla. 1991); Williams v. State, 581 So.2d 144 (Fla. 1991). In determining the one cell bump-up in Case 1 and Case 2, the trial court must use *286 the original guidelines scoresheet in each of those cases. Manuel v. State, 582 So.2d 823 (Fla. 2d DCA 1991); Harris v. State, 574 So.2d 1211 (Fla. 2d DCA 1991). The trial court must use the original scoresheet in each of these cases notwithstanding the fact that it is resentencing in these cases at the same time it is imposing an original sentence in another case. Although these events may occur at the same time, we view them as separate events for guidelines sentencing purposes. See True v. State, 564 So.2d 1104 (Fla. 4th DCA 1990) (opinion on motion for clarification).
With respect to the habitual felony offender sentence in Case 3, that sentence is improper because the statutory requirement of two prior convictions was not met. § 775.084(1), Fla. Stat. (1989). As noted above, the appellant was adjudicated guilty in Case 1 and Case 2 on the same date. We believe that the word "conviction" as used in the habitual felony offender statute should be given its usual meaning of an adjudication of guilt, unless the circumstances of section 775.084(2) apply. See Harrison v. State, 585 So.2d 393 (Fla. 5th DCA 1991). We do not believe that subsection (2) applies in this case. Accordingly, the appellant's convictions in Case 1 and Case 2 occurred on the same date and count as one conviction for purposes of the habitual felony offender statute. Marion v. State, 586 So.2d 67 (Fla. 2d DCA 1991); Troup v. State, 574 So.2d 271 (Fla. 2d DCA 1991); Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990).
We note that a one cell bump-up in Case 1 based on the sentencing guidelines scoresheet in that case produces a permitted range up to three and one-half years incarceration. A one cell bump-up in Case 2, based on the sentencing guidelines scoresheet for that case, also results in a permitted range up to three and one-half years incarceration. The sentencing guidelines scoresheet prepared for Case 3 produces a permitted range up to three and one-half years.[1]
We reverse the sentences in these three cases and remand to the trial court for resentencing within the guidelines recommended or permitted range in each case.
Reversed and remanded for resentencing.
SCHOONOVER, C.J., concurs.
PARKER, J., concurs in part; dissents in part with opinion.
PARKER, Judge, concurring partially; dissenting partially.
I concur with the majority that the habitual felony offender sentence in case 3 was improper. I respectfully dissent as to the remainder of the sentencing issues because I believe that it was mandatory for the trial court to use a single scoresheet for these three convictions.
In May 1990, the trial court conducted a nonjury trial for Tito's new crime, a burglary. The trial judge also conducted a simultaneous hearing concerning the two violations of community control. These violations were based upon this new criminal conduct of burglary. The trial court found Tito guilty of the new crime and the two violations of community control.
Tito's three criminal cases were pending for sentencing. I believe that the trial court must use a new and comprehensive scoresheet when more than one offense is pending before the court for sentencing at the same time. This is a mandatory requirement, Bembow v. State, 520 So.2d 312 (Fla.2d DCA 1988), and is not waived if the defendant raises no objection to the trial court's failure to use a new scoresheet. Richardson v. State, 564 So.2d 564 (Fla. 1st DCA 1990). The supreme court, in Clark v. State, 572 So.2d 1387 (Fla. 1991), recognized the requirement that the trial court must utilize a single scoresheet for all offenses pending before the court for sentencing. Clark, however, then dealt *287 with the situation of whether sentencing should be delayed when there are some offenses before the court for sentencing and another offense which is not quite ready for sentencing. In that situation, the Clark court held that the defendant had the burden to request simultaneous sentencing and to show that such sentencing would "not result in an unreasonable delay." Clark, 572 So.2d at 1391. This part of the Clark holding is inapplicable to this case. Here, all three cases were pending for sentencing, and the defendant was entitled to one new scoresheet without further motion or objection. See also Joyce v. State, 586 So.2d 456 (Fla. 2d DCA 1991); Render v. State, 516 So.2d 1085 (Fla. 2d DCA 1987).
I believe the majority's reliance upon this court's cases of Manuel and Harris is misplaced. Both of these cases involved violations of conditions of community control (Manuel) and probation (Harris) with no new criminal charges pending for sentencing because there were no new criminal charges filed. In that instance, the trial judge must utilize the original scoresheet. Likewise, my reading of the supreme court's Johnson case, upon which the majority relies, reflects that Johnson's new criminal conduct resulted in the filing of a violation of probation charge, but nowhere does the opinion indicate that any new criminal charges were filed and were pending for sentencing. Similarly, in Lambert v. State, 545 So.2d 838, 840 (Fla. 1989), which the supreme court discussed in Johnson, the supreme court stated: "Lambert had been charged at the time of sentencing [for violation of community control] but not tried for the criminal conduct constituting the probation violations. The charges subsequently were dropped." Therefore, unlike the instant case, charges for Lambert's new criminal conduct were not pending for sentencing at the time of sentencing for the violation of community control. For all of these reasons, I believe upon remand that the trial court must use a single scoresheet in sentencing Tito.
NOTES
[1] It would appear that the trial court has the option of making the sentences in these three cases consecutive. Section 921.16, Florida Statutes (1989), provides that sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.