THREADGILL, Judge.
Appellant, James Dennis, challenges a guidelines sentence entered upon the revocation of his probation. He contends that the trial court erred in using a revised scoresheet after the state uncovered evidence of his prior record under aliases. We agree and reverse.
The appellant was charged with grand theft on September 25, 1987. The criminal report affidavit for the offense refers to him as James Lawrence. He pled guilty and was placed on probation. During this term he was charged with five violations. The first three were technical violations and resulted in extensions of the probationary term. The fourth was dismissed, and the fifth resulted in the revocation of probation and imposition of the five-year sentence challenged on this appeal based on the revised scoresheet. The original score-sheet reflected a recommended range of probation to thirty months’ state prison.
A trial court must use the original scoresheet at sentencing following revocation of probation, even though the state discovers additional prior convictions which *943 the defendant committed under aliases. Manuel v. State, 582 So.2d 823 (Fla. 2d DCA 1991). The scoresheet may be revised to increase the sentence, however, where the defendant was sentenced on the basis of an inaccurate scoresheet because he affirmatively misrepresented his identity. Goene v. State, 577 So.2d 1306 (Fla.1991).
The state contends that the use of the revised scoresheet was proper because the appellant misrepresented his name as James Lawrence when he was initially arrested. The state bases this contention on the 1987 arrest affidavit which reflects the name of James Lawrence. We reject this argument because even if the arrest affidavit were conclusive on this point, there was ample evidence to show that the alleged affirmative misrepresentation did not mislead the court. See Goene, 577 So.2d at 1306. Neither the court nor the state relied on the appellant’s alleged misrepresentation of his identity as James Lawrence in the 1987 arrest affidavit as he was sentenced in 1990 as James Dennis. Moreover the transcripts of the five violation proceedings reflect that the appellant was variably referred to as Dennis and/or Lawrence. Further evidence that the appellant did not defraud the state as to his true identity is that the 1987 information charged him under the name of Horace Jefferson and under the aliases of Henry Wright, James Lawrence, and Anthony Frederick Evins. Thus, the state was well aware of the appellant’s use of aliases from the date of his arrest.
Based on the foregoing we find that the inaccuracies in the scoresheet were not due to any affirmative misrepresentation on the part of the appellant. We therefore reverse and remand for resentencing in accordance with the original guidelines score-sheet.
Reversed and remanded.
SCHOONOVER, C.J., and CAMPBELL, J., concur.