PER CURIAM.
Cynthia Costin, Appellant, challenges her judgments and sentences for two counts of fraudulent use of a credit card more than twice in six months, two counts of felony theft, and one count of grand theft. Appellant raises two issues on appeal, only one of which merits discussion. She correctly argues that her five concurrent sentences of seventy-six months’ imprisonment for these third-degree felonies were illegal and must be corrected. Accordingly, although we affirm the judgments, we reverse the sentences and remand for resentencing.
Pursuant to a plea bargain, Appellant pled nolo contendere to each of the charged offenses and agreed to serve seventy-six months in the Department of Corrections. The trial court accepted Appellant’s plea and sentenced her to five concurrent terms of seventy-six months’ imprisonment. She challenged the legality of these sentences in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) and now raises the same issue in this Court.
The State argues that Appellant is not entitled to challenge the legality of her sentences because they were entered pursuant to a negotiated plea agreement. This argument is erroneous. Trial courts are not permitted to impose illegal sentences, even pursuant to a negotiated plea agreement. Darling v. State, 886 So.2d 417, 418 (Fla. 1st DCA 2004) (reversing a sentence that exceeded the statutory maximum even though the defendant had agreed to the sentence); Bruno v. State, 837 So.2d 521, 523 (Fla. 1st DCA 2003) (reversing where the defendant’s sentence included a type of penalty not authorized by law); Williams v. State, 500 So.2d 501, 503 (Fla.1986) (stating the general proposition) (receded from on other grounds in Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988)). Although this Court has recognized limited exceptions to this rule in some cases concerning sentencing issues other than the actual length of incarceration, these cases have not altered the rule that a sentence in excess of the statutory maximum may be challenged regardless of the terms of a plea agreement. See, e.g., Carson v. State, 37 So.3d 884, 887-88 (Fla. 1st DCA 2010) (affirming the imposition of drug-offender probation for a crime that did not involve drugs because the defendant agreed to this probation in a plea bargain); Allen v. State, 642 So.2d 815, 816 (Fla. 1st DCA 1994) (holding that a defendant was not permitted to object to the illegality of a sentence requiring him to reimburse a sheriffs department for $16.95 in medical expenses because he had agreed to pay those expenses in a plea bargain).
Appellant’s five crimes were all third-degree felonies. See §§ 817.61 (fraudulent use of a credit card more than twice in six months), 812.014(3)(c) (felony theft), 812.014(2)(c)l (grand theft in the amount of $300 or more but less than $5,000), Fla. Stat. (2007). A third-degree felony is punishable by a maximum of five years (sixty months) in prison. § 775.082, Fla. Stat. *98 (2007). Therefore, the sentences of seventy-six months each were illegal.
We recognize that Appellant’s total time in prison is less than what she would serve if she were sentenced to the maximum penalty for each crime and ordered to serve that time consecutively. However, this fact does not justify the sentences, which are each in excess of the statutory maximum, as explained in Arch v. State, 572 So.2d 1017, 1017 (Fla. 2d DCA 1991). Accordingly, although we affirm the judgments, we must reverse the sentences and remand for resentencing.
AFFIRMED in part; REVERSED in part; and REMANDED.
KAHN, LEWIS, and CLARK, JJ„ concur.