PER CURIAM.
In this Anders[1] appeal, Appellant challenges the imposition of certain costs. Because Appellant knowingly and voluntarily entered into a plea agreement that specifically called for these costs, we affirm the trial court’s denial of Appellant’s motion to correct his sentence. See Fla. R.Crim. P. 3.800(b)(2).
Appellant was charged with four counts, including the second degree felony of fleeing or attempt to elude a law enforcement officer. Pursuant to a negotiated plea agreement, he was adjudicated guilty of the four charges and was sentenced to serve sixty-days in jail (with credit for fifty-eight days time served) followed by thirty-six months of probation; he was also ordered to pay restitution. As an additional part of the negotiated plea agreement, Appellant agreed to “Court Costs $1522.50,” “P.D. Fee $50,” “P.D. LAD $100,” and “Cost of Prosecution $100.” At sentencing, the court accepted the plea and orally ordered “the $1,552.50 fine and court costs, $100 cost of prosecution, $100 legal assistance lien and $50 P.D. Application Fee.” Further, provided that Appellant made the required restitution payments, the court waived “costs of supervision.”
The corresponding written judgment and order of probation do not, however, specify the particular costs which comprise the total $1552.50 “court costs.” Instead, the court docket report is the only document which lists some of the costs. Further, each of the three documents contains language that waives “costs of supervision, fee’s [sic] and surcharges as long as” restitution payments are made.
In his motion to correct his sentence, under rule 3.800(b)(2), Appellant asserted the trial court erred by not orally pronouncing each individual discretionary cost comprising “court costs.” See Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012). Appellant also contended the public defender lien was improperly assessed as the trial court did not notify Appellant he could contest the lien amount. McCarthan v. State, 91 So.3d 268, 269 (Fla. 1st DCA 2012). Appellant, through Anders counsel, presents the same arguments here. His arguments are unavailing.
Appellant entered into a valid and binding contract through his negotiated plea. State v. LaFave, 113 So.3d 31, 38 (Fla. 2d DCA 2012) (stating a negotiated plea agreement is a contract). Through this contract, he negotiated the parameters of his sentence and punishment, which he is permitted to do. See Costin v. State, 46 So.3d 96, 97 (Fla. 1st DCA 2010) (citing Carson v. State, 37 So.3d 884, 887-88 (Fla. 1st DCA 2010) (drug-offender probation can be agreed to); Allen v. State, 642 So.2d 815, 816 (Fla. 1st DCA 1994) (reimbursement of medical expenses can be agreed to)).[2]
Here, Appellant knowingly and voluntarily signed and entered into a negotiated agreement; he also obtained the enormous benefit of his negotiated agreement by way of a comparatively brief jail and probation sentence. The record does not indicate otherwise and Appellant does not contend anything less. Accordingly, we will not permit Appellant to reap the rewards of his bargained-for exchange yet relieve him of all his corresponding duties. See LaFave, 113 So.3d at 38 (“[W]here a de *932 fendant has enjoyed the benefits of a plea bargain, Florida courts have, not surprisingly, consistently refused to relieve the defendant of his or her burden under the contract.”). Simply stated, Appellant assented to pay the delineated monies, and he is bound to do so.
Appellant is correct, however, that the three written documents detailing the court’s pronouncement of Appellant’s negotiated sentence are not in accord with the oral pronouncement. Because it is the oral pronouncement that controls, Timmons v. State, 453 So.2d 143, 144 (Fla. 1st DCA 1984), the written judgment, order of probation, and court docket must be corrected. First, the written judgment and order of probation do not detail any costs. They must be corrected to detail the orally pronounced costs and those mandatory costs imposed by statute. Second, each document contains the superfluous language waiving “fees and surcharges” in addition to “costs of supervision.” The trial court orally pronounced waiver of only “costs of supervision.” The additional language must therefore be removed.
Accordingly, finding no reversible error, we AFFIRM Appellant’s judgment and sentence. But, we REMAND to the trial court WITH INSTRUCTIONS to correct Appellant’s written judgment and order of probation, as well as the court docket, in accord with this opinion.
CLARK, MARSTILLER, and SWANSON, JJ„ concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Certainly, Appellant could not have agreed to an "illegal" sentence. See Carter v. State, 786 So.2d 1173, 1181 (Fla.2001). He does not contend the costs are "illegal,” and they are not. See id. (holding that "illegal” means that "no judge under the entire body of sentencing statutes could possibly inflict [them] under any set of factual circumstances”).