DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN INGALLS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-448

[October 14, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 2017CF002022A.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Following the appellant's plea of no contest to various offenses, the trial court imposed numerous costs, which the appellant challenges. We agree with the appellant in part, and we remand for further proceedings as to the costs of investigation and the county drug abuse program cost. We reverse the imposition of the domestic violence surcharge, and we affirm the imposition of costs of prosecution.

As a preliminary matter, we reject the state's argument that the appellant did not preserve error for review. The appellant preserved his arguments by raising them in a  motion to correct sentence. *See Allen v. State*, 172 So. 3d 523, 524-25 (Fla. 4th DCA 2015).

With respect to the costs of prosecution, the appellant acknowledges that a trial court may impose a cost of prosecution greater than $100, but he argues that the trial court did not comply with section 938.27, Florida Statutes (2017), which requires factual findings based on evidence supporting the imposition of such costs. *See Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019); § 938.27(8), Fla. Stat. (2017). We find

no merit to this argument in light of the plea agreement, which called for the imposition of $200 for costs of prosecution. *See Adams v. State*, 118 So. 3d 930, 931-32 (Fla. 1st DCA 2013) (rejecting appellant's challenge to imposition of court costs and public defender lien where fees were imposed pursuant to a plea agreement, as "Appellant assented to pay the delineated monies, and he is bound to do so").

The appellant also challenges the imposition of costs of investigation of $50. The plea agreement called for the imposition of costs of investigation but did not provide for an amount. We reverse based on the absence of evidence supporting the costs imposed. On remand, the trial court shall hold an evidentiary hearing on the costs of investigation. *See Negron v. State*, 266 So. 3d 1266, 1267 (Fla. 5th DCA 2019); *Phillips v. State*, 942 So. 2d 1042, 1044 (Fla. 2d DCA 2006).

The trial court also imposed costs for the county drug abuse program. The trial court did not make the required finding that the appellant had the ability to pay the cost, and the plea agreement did not provide for this particular cost.[1] The state concedes error. We reverse and remand for the trial court to consider the factors recited in section 938.21, Florida Statutes (2017). *See Desrosiers*, 286 So. 3d at 300.

The state also concedes that the trial court erred in imposing the domestic violence surcharge, as the appellant was not sentenced for an offense recited in section 938.08, Florida Statutes (2017). This cost must be stricken.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

CIKLIN, FORST and KUNTZ, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The appellant does not argue that the court otherwise erred in imposing this cost.