# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-1230
_____

TIMOTHY M. KIRKLAND,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

June 10, 2026

PER CURIAM.

Appellant challenges the trial court's order issued following his sentence review hearing that denied his request for sentence modification after concluding that Appellant was not rehabilitated such that he was "fit to reenter society." *See* § 921.1402(7), Fla. Stat. (2025). Because competent, substantial evidence supports the trial court's findings we affirm. *See Murphy v. State*, 368 So. 3d 1025, 1028 (Fla. 2d DCA 2023).

    AFFIRMED.

KELSEY and M.K. THOMAS, JJ., concur; BILBREY, J., specially concurs with opinion.

BILBREY, J., specially concurring.

I agree that competent, substantial evidence supports the trial court's findings such that we are correct to affirm. Nonetheless, although the issue is not before us, I have concerns whether Appellant's current sentence is legal.

In January 1984, Appellant was found guilty of first degree murder for a crime he committed on April 4, 1983. He was sixteen years old when he committed the murder. In 1983, the punishment for first degree murder was either death or life in prison with eligibility for parole after 25 years. *See* §§ 775.082(1), 782.04(1)(a), Fla. Stat. (1983). Appellant was sentenced to life in prison with eligibility for parole after 25 years.* We affirmed the judgment and sentence on direct appeal. *Kirkland v. State*, 478 So. 2d 1092 (Fla. 1st DCA 1985).

In May 2016, Appellant moved for resentencing, claiming that his life sentence for a crime committed as a juvenile was unconstitutional in violation of the Eighth Amendment per *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, 567 U.S. 460 (2012). In February 2017, the trial court granted resentencing citing to *Miller* and ordered that Appellant be resentenced in accordance with the statutory changes to juvenile sentencing enacted in chapter 2014-220, Laws of Florida. *See Horsley v. State*, 160 So. 3d 393, 395 (Fla. 2015) (applying "chapter 2014-220, Laws of Florida, to all juvenile offenders whose sentences are unconstitutional under *Miller*").

Before resentencing occurred, the State moved to quash the resentencing order based on the then recent case *State v. Michel*, 257 So. 3d 3 (Fla. 2018). In *Michel*, the Florida Supreme Court held that no Eighth Amendment violation occurs when a juvenile offender is sentenced to life with the possibility of parole after 25 years. *Id.* at 4, 7. Therefore, according to *Michel*, "such juvenile

---

\* Although Appellant could have been sentenced to death at the time of his trial, such a sentence would have later been held unconstitutional. *See Roper v. Simmons*, 543 U.S. 551, 574 (2005), *abrogating Stanford v. Kentucky*, 492 U.S. 361 (1989).

offenders are not entitled to resentencing under section 921.1402, Florida Statutes." *Id.* at 8.

After the opinion in *Michel* became final, the trial court ultimately determined that its order granting resentencing was a final order that could not be rescinded. *See Morgan v. State*, 350 So. 3d 712, 716–17 (Fla. 2022) (explaining when postconviction proceedings result in final, appealable orders). It then conducted resentencing in December 2021. At the resentencing, Appellant, under the belief that he would not be entitled to sentence review under section 921.1402 if parole eligible, asked to be sentenced to life without parole. The trial court imposed that sentence.

"[I]t is the date of the commission of the crime, not the date the sentence becomes final, that dictates which punishment statute applies." *Hutchinson v. State*, 396 So. 3d 45, 47 (Fla. 1st DCA 2024) (quoting *Sheaffers v. State*, 243 So. 3d 518, 520 (Fla. 1st DCA 2018)). Furthermore, a sentence that exceeds the statutory maximum is an illegal sentence. *Costin v. State*, 46 So. 3d 96, 97 (Fla. 1st DCA 2010) (compiling cases). "Trial courts are not permitted to impose illegal sentences, even pursuant to a negotiated plea agreement." *Id.* (citations omitted).

An amendment to a sentencing statute benefiting a defendant may be applied retroactively if there is clear legislative intent to do so. *See Pappas v. State*, 346 So. 3d 1200, 1203 (Fla. 1st DCA 2022). But a law that inflicts a greater punishment after a crime has been committed is an illegal ex post facto law. *Shenfeld v. State*, 44 So. 3d 96, 100 (Fla. 2010) (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390–91 (1798)).

As noted, when Appellant committed the murder in 1983, life with the possibility of parole after 25 years was the only lawful sentence other than death. *See* §§ 775.082(1), 782.04(1)(a), Fla. Stat. (1983). "A life *with* parole–25 sentence is quantitatively and qualitatively a far different sentence from mandatory life without parole, the strongest of all available punishments for juveniles." *Partlow v. State*, 134 So. 3d 1027, 1037 (Fla. 1st DCA 2013) (Makar, J., concurring in part, dissenting in part).

When Appellant was resentenced to life without parole, he was allowed a sentence review hearing, making his sentence

constitutional under the Eighth Amendment. *See Phillips v. State*, 286 So. 3d 905, 910 (Fla. 1st DCA 2019). Still, at resentencing his sentence was increased beyond what was permissible under the 1983 statutes. When confronted with an appellant in the same posture in *Morgan v. State*, 308 So. 3d 199, 201 (Fla. 4th DCA 2020), the court held that no ex post facto violation occurred since the appellant willingly accepted the potential benefit of being resentenced under the new statute. But the court in *Morgan* did not discuss the numerous cases that have held a defendant cannot agree to an illegal sentence.

But for Appellant's request to be resentenced under section 921.1401 because he believed it was the only way to allow for a sentence review hearing under 921.1402, his life without parole sentence would clearly be an illegal sentence. Whether the *Morgan* decision was correct or whether a juvenile offender cannot agree to an otherwise illegal sentence in exchange for a sentence review hearing has apparently never been addressed by this court.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————

Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Amanda Bosman, Assistant Attorney General, Tallahassee, for Appellee.

4